# James *et als. v.* Faulk *et als.*

### *Bill for Settlement of Estate in Chancery.*

1. *Chancery; jurisdiction over estates of decedents.*—A legatee may resort to a court of equity, as a matter of right and without the assignment of any special cause, for a final settlement of an estate, at any time before proceedings are commenced for a final settlement in the probate court.

2. *Executor; what properly chargeable with.*—An executor is properly charged with the rental value of lands, which he failed to rent when he ought to have done so.

3. *Same.*—If an executor making a sale of lands under order of the probate court, fails to take two sureties for the purchase money as required by law, the fact that his report to the court showed this, and the court confirmed the sale, does not relieve him of liability for the purchase money, resulting from his failure to comply with the law.

APPEAL from Chancery Court of Dale.

Heard before Hon. B. B. McCRAW.

The appellees, legatees under the will of Noah Fountain, filed their bill against the appellants, the executors of his last will and testament, and the sureties upon their bond, to compel a final settlement of the estate, in the court of chancery.

The bill alleges that more than eighteen months have elapsed since the grant of the letters testamentary; that no proceedings have been commenced in the probate court for final settlement; that large sums are due the complainants respectively, and that said executors, although large amounts of property came into their hands, fail to make any settlement or pay to complainants the amount due them, &c.

The chancellor overruled a demurrer, based on the ground "that no sufficient allegations were contained in the bill to oust the jurisdiction of the probate court," and took jurisdic-

tion of the cause.  The answers asserted that the legatees
had been fully paid.  A reference was directed to the regis-
ter to ascertain and report the various amounts with which
the executors were chargeable, and the credits to which they
were entitled, and upon the coming in of the report, the
chancellor overruled exceptions to it, and confirmed it.  It is
only necessary to refer to two of the exceptions.  The
executors sold lands of the testator, under order of the
probate court, taking, as shown by his report to the court,
notes for the purchase money with but one surety.  The
sale was duly reported to and confirmed by the court.  The
notes not being collectable, the register, on motion of the
appellees, charged the executors with the amount due upon
the notes.  The register also charged the executors with the
rental value of certain lands of the estate, which they failed
to rent out.

Overruling the demurrer and the exceptions to the regis-
ter's report, are now assigned for error.

J. A. CLENDENNIN, for appellant.

F. M. & W. D. WOOD, contra.

BRICKELL, C. J.—The demurrer to the bill was properly
overruled.  No proceeding for a final settlement of the ad-
ministration had been commenced in the court of probate.
Before such proceeding, a legatee may, as a matter of right,
without the assignment of any special cause for equitable
interposition, resort to equity for a settlement of the admin-
istration.—McNeil v. McNeil, 36 Ala. 109.

Administrators and executors are clothed with the power
of renting the real estate of the decedent.—R. C. § 2076.
The power involves the duty, and if he neglects it, he is
answerable for the loss resulting, as he is for the neglect of
any other duty with which he is charged.—Pearson v. Dar-.
rington, 32 Ala. 227.

An administrator or an executor selling lands on credit,
under an order of the court of probate, is required to take of
the purchaser bonds for the purchase money, with two suffi-
cient sureties.—R. C. § 2228.  If he makes the sale, and dis-
regarding the statutory requisition, takes but one surety, on
the confirmation of the sale he becomes chargeable with the
purchase money.—Betts v. Blackwell, 2 Stew. & Port. 373 ;
Dean v. Rathbone, 15 Ala. 328 ; Walls v. Rigsby, 42 Ala. 473.
This is admitted to be true as to sales of personal property,
but it is insisted that the court is really the vendor of land,
when sold by an executor or administrator, and that if the

[Scruggs v. Underwood.]

court confirms the sale, on a report disclosing that but one surety has been taken, it is a judicial approval of the act relieving him from all liability. The court is the vendor, to the same extent that it is in all sales made under its decrees, and which require its confirmation to give them validity.— *Hutton v. Williams*, 35 Ala. 503. The administrator has a power over the lands not derived from the court, but from the statutes. The power, if not as large as that he has over personalty, is conferred to enable him to discharge the trusts of the administration, and is to be exercised so that he may execute these trusts the more beneficially for those having interests in the estate. In making the sale, he is trustee, as well as officer and agent of the court, and it is his duty, prescribed by law, from which the court cannot absolve him, to take at least two sufficient sureties. If he fails in it, the injury resulting is to the same parties who would be injured by a failure to take the requisite security on a sale of personal property. We can see no reason for distinguishing between the two sales.

The only assignment of errors here insisted on in the argument of counsel, refer to the overruling of the demurrer to the bill, and the overruling of the exceptions to the report of the register, charging the appellants, as executors, with the rent of land he should have rented, and with the purchase money of lands for which he did not take two sureties. There was no error in either of the rulings, and the decree must be affirmed.