# Hill *et al. v.* Armistead *et al.*

*Creditors' Bill in Equity, to set aside Sale of Intestate's Lands under Execution, and Remove Settlement of Estate, into Chancery.*

1. *Judgments rendered during late war; sale of lands under.*—A sale of lands under execution, issued on a judgment which was rendered during the late war, is valid, and cannot be set aside in equity on that ground.

2. *Decedents' estates; jurisdiction of equity in matter of settlement.*—The original jurisdiction of the Chancery Court over the subject of administrations may be invoked by any person interested in the estate, except the personal representative, without the assignment of any special reason, at any time before proceedings for a settlement have been commenced in the Probate Court; but, when proceedings for a settlement have been commenced in that court, or when the jurisdiction of equity is invoked by the personal representative, some special equitable reason must be shown; and in the case of insolvent estates, the report of insolvency is the commencement of such proceedings.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. R. S. WATKINS.

The bill in this case was filed on the 20th November, 1871, by Nelson G. Hill and others, on behalf of themselves and such other creditors of George G. Armistead, deceased, as might come in and make themselves parties; and sought, principally, to set aside a sale of certain lands under execution, as hereinafter more particularly stated, and to remove the settlement of said Armistead's estate into the said Chancery Court. The said George G. Armistead died, intestate, on the 11th October, 1866; and his administrator and heirs were made defendants to the bill. His estate was declared insolvent on the 18th May, 1868, but no settlement of the administrator's accounts was ever made; and the bill alleged that his accounts could not be settled in the Probate Court, because he, as the administrator of the estate of one John Peters, deceased, claimed and held a debt against said estate for more than $30,000. The lands belonging to said Armistead were sold by the sheriff, on the 5th October, 1866, a few days before his death, under executions issued on judgments rendered by the Circuit Court of said county during the late war; the dates of which judgments are not stated in the bill, though it is averred that they were rendered by the "pretended courts of the then rebel government of Alabama." The several purchasers at the sale were

[Hill et al v. Armistead et al.]

also made defendants to the bill. The prayer of the bill was, that the administration and settlement of the estate be removed into the Chancery Court; that the proper accounts be taken; that the sale of the lands be set aside, and the lands be sold under the decree of the court, for the benefit of the creditors who might prove their debts; and the general prayer, for other and further relief, was added. At the May term, 1873, as appears from "Entries from chancellor's docket," copied into the record, the bill was dismissed by the complainant, as against the purchasers of the land; and the cause was submitted on demurrer (which is nowhere set out in the transcript), and on motion to dismiss for want of equity. The chancellor sustained the motion, and dismissed the bill, but without prejudice; and his decree is now assigned as error.

WADE KEYES, for appellant.—The decisions of this court, on the authority of which the bill was filed, have been overruled; and the claim for relief, founded on the invalidity of the sales under execution, is abandoned. But the bill still presents a proper case for equitable relief, in the removal and settlement of the insolvent estate of Armistead. In the matter of administrations, courts of equity have original, inherent jurisdiction; and that jurisdiction is not taken away, nor in any manner impaired, by the concurrent jurisdiction conferred on the Probate Courts. When another court has concurrent jurisdiction with courts of equity, and has taken jurisdiction of a particular case, *and is proceeding in the exercise of that jurisdiction*, equity will not interfere. But that is not the case presented here. The declaration of insolvency was made more than three years before the bill was filed, and no further proceedings were taken in relation to the estate; and the bill alleges facts which show that the Probate Court could not settle the administrator's accounts. *Pearson v. Darrington*, 18 Ala. 352; *Hays v. Cockrell*, 41 Ala. 75; Rev. Code, § 2220.

R. McFARLAND, and R. T. SIMPSON, *contra*.

STONE, J.—The controlling purpose of the present bill was, to set aside a sale of certain lands, made by the sheriff under executions, on the ground that the executions were issued on judgments that were rendered during the war. In the case of *Parks, Brewer & Co. v. Coffey*, 52 Ala. 33, we said, "a sale of land under a *pluries* execution, issued since the war, on a judgment rendered during the war, is valid, and will pass the title of the defendant in execution." We

are satisfied with that decision, and adhere to it.—See *Horn v. Lockhart*, 17 Wall. 480. This is decisive of the main question in this cause, and shows that the complainants are not entitled to the relief, to obtain which the bill was filed.

2. Abandoning this main purpose of the bill, it is now contended, for appellants, that the bill should be maintained as an administration suit; that the administration should be removed into the Chancery Court, and the settlement be had in that court. In the case of *Gould v. Hays*, 19 Ala. 450, speaking of chancery jurisdiction in matters of administration, this court said: "The remedy in the Orphans' [now Probate] Court being cheaper, and more expeditious, than that afforded in chancery, this court, at an early day, doubtless more as a matter of sound policy than of strict legal requirement, was inclined to confine heirs, distributees, &c., of a deceased person's estate, to the Orphans' Court, in cases where the powers of that court were adequate to administer full relief." The Chancery Court retains its original jurisdiction over the subject of administrations, and may be appealed to by any interested party, other than the personal representative, without the assignment of any special reason, at any time before the concurrent jurisdiction of the Probate Court has attached, by the institution, in that court, of proceedings having substantially the same object. If such proceedings have been commenced in the Probate Court, or if the powers of the Chancery Court be invoked by the personal representative, then some special, equitable reason must be assigned, to give the Chancery Court jurisdiction. See *Gould v. Hays, supra; Moore v. Lesueur*, 33 Ala. 241; *McNeill v. McNeill*, 36 Ala. 115; *Sellers v. Sellers*, 35 Ala. 235.

The administration and settlement of insolvent estates, under our statutes, constitute a system, and have justly been regarded as a continuation of one proceeding. The filing of a proper declaration and statements gives the court jurisdiction, and all else, up to final settlement and disbursement, follows under statutory regulation. Speedy, simple, and inexpensive administration, is a notable and praiseworthy characteristic of our system. We think such report of insolvency must be classed as the institution of proceedings in the Probate Court, which will exclude chancery jurisdiction, unless some special equitable ground be assigned, under the rule above laid down.—1 Brick. Dig. 948, §§ 482, 483, 484 *et seq.* No reason is assigned which will authorize this administration to be brought into the Chancery Court, and the chancellor did not err in dismissing the bill.

The decree is affirmed.