# Houston, Adm'r, *et al. v.* Williamson.

*Bill to Foreclose Mortgage executed by Husband and Wife.*

1. *Averment of possession and seizin of husband and wife.*—When a bill, seeking to foreclose a mortgage executed by husband and wife, alleges that, at the time of its execution, "the mortgagors were in possession of, and seized in fee of said mortgaged premises," this is equivalent to an allegation that they were seized and possessed jointly, each being entitled to a moiety, and that the wife's moiety is her statutory separate estate.

2. *Averment of wife's title and estate, in bill to foreclose mortgage.* When a bill seeks to foreclose a mortgage of the wife's land, executed by her and her husband jointly, it must clearly show the character of her estate, and her capacity to mortgage it.

3. *Demurrer good in part only.*—A demurrer which goes to the whole bill, but is good in part only, is properly overruled.

APPEAL from the Chancery Court of Lee.
Heard before the Hon. S. K. McSPADDEN.

J. M. CHILTON, for appellants.—The presumption is always against the pleader. The law presumes in favor of Mrs. Harris, that had her estate in the lands been such that she could execute a valid mortgage upon it, that fact would have been alleged.—1 Brick Dig. p. 701, § 203.

T. L. KENNEDY, *contra.*

CLOPTON, J.—The appellee files this bill to foreclose a mortgage on an undivided half interest in lands, executed by Robert H. Harris and his wife, Mary B. Harris, to secure notes made by both. Robert Harris having died, his administrator and heirs are made parties. Mrs. Harris demurred to the bill, the cause of demurrer assigned being, that it shows she was a married woman at the time of the execution of the mortgage, and fails to show that she had an estate which she had capacity to convey or charge. It avers, that the "mortgagors were in possession of, and seized in fee of said mortgaged premises," at the time of its execution—a substantial averment of *joint* possession and *joint* seizure. It is tantamount to an allegation that the

[Rogers v. Prattville Manufacturing Co. No. 1.]

mortgagors owned the premises jointly, each entitled to a moiety, and that the wife's moiety is her statutory separate estate, and must be so construed on demurrer.— *Whitlow v. Echols*, 78 Ala. 206 ; *Walthall v. Goree*, 36 Ala. 728.

There being two kinds of separate estates—one which the wife has capacity to charge, and not the other—the rule of pleading, is that a bill, which seeks to foreclose a mortgage executed by a married woman, must show, with clearness and accuracy, the character of her estate, and her capacity to chärge or convey the property ; otherwise, the complainant shows no title to relief. —*Sprague v. Shields*, 61 Ala. 428 ; *McDonald v. Mo. L. Ins. Co.*, 56 Ala. 468.   On the allegations of the bill, as they now stand, no decree could be rendered foreclosing the mortgage as to Mrs. Harris' undivided moiety ; and as the averments of the bill are insufficient to authorize its enforcement as to her interest, it may be conceded, that had the demurrer been limited to this aspect of the bill, it should have been sustained.   But the demurrer goes to the entire bill.   Complainant is entitled to foreclosure as to the husband's moiety, and having joined in the execution of the mortgage, the wife is a proper party, when it is desired to bar her rights as such by decree of foreclosure.   The demurrer going to the entire bill, and being good as to a part only, was properly overruled. *Burke v. Roper*, 79 Ala. 138.   The assignments of error relating to the demurrer of the administrator, are not urged.

Affirmed.