# Bromberg *v.* Bates.

*Bill in Equity for Removal of Administration of Estate from the Probate into the Chancery Court.*

1. *Removal of administration to Chancery Court.*—Any person entitled to share in the distribution of an estate, has the right, by bill filed for that purpose, to have the administration settled in a court of equity, without showing any special equity, and a demurrer to such bill, for want of equity is properly overruled.

2. *Same; demurrer for want of full and complete inventory.*—Nor is it ground of demurrer to a bill filed to remove an administration from the Probate to the Chancery Court, that the inventory filed by the executor is not a full and complete inventory as required by the statute.

3. *Same.*—Such bill is not a bill filed under § 2000 of the Code to contest the validity of a will, and whether the will is valid or invalid is an irrelevant issue therein, and a demurrer directed to that feature of the bill was properly overruled.

4. *Insufficient or impertinent averments.*—Whether a fact averred is simply impertinent, and liable to be stricken out on a reference, or insufficient, and thus open to demurrer, is not always easy to be determined. If the opposite party cannot tell from the pleadings whether to regard the averment as surplusage, and impertinent, or, as presenting a material issue, then it is open to demurrer. An impertinent fact is one whether true or not, can have no influence in leading to a result.

5. *Same.*—While averments standing alone may be considered impertinent, when considered in connection with other averments of the bill, may become material. Such doubtful averments standing in a bill are a menace to the defendant, and furnish a proper ground for a demurrer.

6. *When oath to answer may be waived.*—A bill filed to remove an administration from the Probate Court into the Chancery Court, and for a discovery of the assets of said estate, falls within the provision of § 3424 of the Code, and the plaintiff may waive the answer under oath, of the defendant thereto.

APPEAL from Mobile Chancery Court.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by Theodore C. Bates and

others against Frederick G. Bromberg and others, for the purpose of having the administration and settlement of the estate of Susan F. Rouse, deceased, removed from the Probate Court of Mobile county into the Chancery Court. The present appeal is prosecuted from two interlocutory decrees of the chancellor overruling the respondents' demurrer to the original bill, and to the bill as amended.

The complainants, in their bill of complaint, allege that Susan F. Rouse died September 7, 1891, in Mobile, leaving both real and personal property; that she left an instrument that purported to be her last will and testament, which was admitted to probate as such in the Probate Court of Mobile county. The bill then continued, that complainants "did not know if said instrument was a free and voluntary act of said Susan F. Rouse in the distribution of her property or not:" The bill shows further, that the defendant Frederick G. Bromberg was nominated in said will as executor without bond, and had qualified as such; and further avers, that the appellant Bromberg was Susan F. Rouse's attorney during her life, "and that she had great confidence in the said Frederick G. Bromberg, and he, knowing such confidence, and the relationship of attorney and client existing between them, had great influence over said Susan F. Rouse." The bill further avers, that said Bromberg has filed his inventory of the said Susan F. Rouse's estate, and then alleged that said Susan F. Rouse, at her death, had in her possession a family bible; that she left more than $8,500 in money, which, at her death, was in said Bromberg's possession as her attorney; that a short time before her death she owned more than $5,000, face value, of the capital stock of the People's Bank of Mobile; that a short time prior to her death she owned and held a mortgage for some amount unknown to complainants, made to her by E. O. Zadek; that she had an undivided one-third interest in some real property in Mobile and a lot of land in said city, and that none of these items were included in said Bromberg's inventory of Mrs. Rouse's estate made by him as the executor thereof. The bill further states, that the said family bible is in the said Bromberg's possession; that the Zadek mortgage has never been paid or satisfied; that, if said mortgage has been given away, it has been given to some of the defendants, and, if given away, that Mrs. Rouse was induced to give it away by the exercise of undue influence by the parties to whom it was given, or of some parties connected with or interested in them, and that such gift of said mortgage was void as to Mrs. Rouse and her heirs at law and next of kin. The

bill further alleges, that the inventory filed by said Frederick G. Bromberg omits any mention of the $5,000 of the People's Bank stock; that the said stock was owned by Mrs. Rouse at the time of her death; and also that if it was given away, or otherwise disposed of, during her life, it was for no valuable consideration, to some of the defendants, and that she was induced to so give it away and dispose of it by the exercise of undue influence on the part of some person or persons unknown to the complainants. Similar averments are made respecting the real property. The bill further avers, that said inventory sets out as part of the property of said Susan F. Rouse at the time of her death, certain Alabama bonds, but that the complainants did not know if said bonds were in fact owned by Mrs. Rouse at the time of her death; that she did not own more than seven of said bonds, and that said Bromberg purchased the remainder after her death, with money left by her. The bill then alleges that the complainants are said Susan F. Rouse's first cousins and next of kin, but said Bromberg denies the relationship; that said bible, in his possession, contains valuable information as to the family connections of said Susan F. Rouse, of great importance to the complainants in showing their relationship to her. The bill then contained this averment: "Complainants show unto your honor that their interests in said estate are not safe in the hands of said Frederick G. Bromberg, unless and until he is required to give a good and sufficient bond for the performance of his executorship." The bill further avers, that by reason of several controversies that have arisen, in and about said several items, omitted as aforesaid, from said inventory, the administration of said estate will be complicated, and that the equities of the several parties can be more fully and more readily settled in the Chancery than in the Probate Court. The prayer of the bill is, that the administration of said estate be removed into the Chancery Court; that the chancellor "will ascertain and decree said several items of property hereinbefore mentioned, or the proceeds thereof, to belong to the estate of said Susan F. Rouse, and will cause said executor to amend his inventory so as to set out said property therein, and will cancel and set aside any pretended conveyances or dispositions of said several pieces of property, or to the proceeds thereof, that may be claimed to have been made during the life-time of the said Susan F. Rouse;" that said Bromberg, as executor of Mrs. Rouse, will be required to give bond; that the court will ascertain and determine the rights of complainants as next of kin of Mrs. Rouse, and will cause said estate

to be settled and distributed at the present time; and for general relief. Answer under oath was waived as to all the defendants. The defendants interposed demurrers to the bill as originally filed, one of the grounds of which was that the bill was without equity, because it was filed for the purpose of discovery, and waives answer under oath, thereby depriving the answer of all weight as evidence. Each of these grounds of demurrer were overruled, and this is one of the decrees appealed from. Complainants afterwards amended their original bill as to the averments of their relationship to Susan F. Rouse, deceased. The defendants demurred to the bill as amended, assigning various grounds of demurrer. (1) To so much of the same as alleges in the second paragraph that "complainants do not know if said instrument was the free and voluntary act of said Susan F. Rouse in the disposition of her property or not," because the said allegation does not present an issue of fact material to the relief. (2) To so much of the same as alleges in paragraph 4 that "during the life-time of said Susan F. Rouse the said Frederick G. Bromberg was her attorney, and that she had great confidence in the said Frederick G. Bromberg, and he, owing to such confidence and the relationship of attorney and client existing between them, had great influence over said Susan F. Rouse," because it does not present an issue material to the relief prayed by the bill. (3) To so much of the same as alleges in paragraph 5 that "she [Susan F. Rouse], also, a short time prior to her death, owned and held a mortgage for some amount unknown to complainants, made to her by said E. O. Zadek, together with the debt secured by said mortgage," because the same does not present an issue material to the relief prayed by the bill. (4) To the eighth paragraph of the same, "because said allegations are a predicate for repugnant claims, and because said allegations make said bill vague as to the nature and extent of complainants' claim" (5) To the eighth paragraph, "because it shows that complainants are seeking to split up their cause of action, and to maintain a multiplicity of suits. Said allegations show that complainants are claiming under the will in the present suit, but reserve the right to claim against the will in some subsequent suit, and that said allegations show that complainants do not state their right to relief in a positive and certain manner, so as to relieve respondents from a multiplicity of suits hereafter." (6) To so much of the bill as alleges in the tenth paragraph that complainants "show to your honor that their interests in said estate are not safe in the hands of said Frederick G.

[Bromberg v. Bates.]

Bromberg unless and until he is required to give a good and sufficient bond for the performance of his executorship," because the allegations are conclusions of the pleaders, and no facts are stated to support them. (7) To the whole bill, "because the same is without equity, because the bill is filed for the purpose only of discovery in aid of an administration of an estate, and waives answer under oath, thereby depriving the answer of all weight as evidence." The appellant Frederick G. Bromberg, individually and as executor of said Rouse, demurred to the bill, because "it is uncertain whether the same recognizes the last will and testament of Susan F. Rouse as a valid will, and this respondent the lawful executor thereof, and only seeks an accounting from him as such executor, or whether it is filed only to establish the right of complainants to some of the property in his hands, and seeking to reserve a right to assail the validity of said will hereafter, and this defendant's rights as executor thereof, thereby splitting up their cause of action, and subjecting this respondent to a multiplicity of suits." The chancellor overruled all of said demurrers by decree rendered December 5, 1892, from which also this appeal was taken.

FRED'K. G. BROMBERG, for appellant, cited, Story's Eq. Pl. §§ 446, 453, 528; *Reese v. Reese*, 15 S. E. Rep. 846–8; *M. & C. R. R. Co. v. Woods*, 88 Ala. 647; Code, § 2069; *Ib.* 3424; 3 Brick. Dig. 334, Sec. 63; *Jackson v. Rowell*, 87 Ala. 685; *Carroll v. Richardson, Ib.* 608; Code, §§ 2133, 2192; *Ward v. Peck*, 114 Mass. 121; Pom. Eq. Jur. §§ 243–5, 250.

THOMAS H. SMITH, and GREGORY L. and H. T. SMITH, for appellees, cited, *Gould v. Hays*, 19 Ala. 438; *Moore v. Randolph*, 70 Ala. 587; *McNeil v. McNeil*, 36 Ala. 109; *Stewart v. Stewart*, 31 Ala. 207; *Tygh v. Dolan*, 95 Ala. 269; Code, § 1952; *Ib.* 2068–8–70; Story's Eq. Pl. § 268; *Hawley v. Wolverton*, 5 Paige's Chan. 522; *Seals v. Robinson*, 75 Ala. 363; Code, § 3422; *Brook v. Hewett*, 3 Ves. Jr. 253; *Hunley v. Hunley*, 15 Ala. 91; *Rand v. Boyd*, 73 Ala. 282; *Sims v. Adams*, 78 Ala. 397; *Stone v. Knickerbocker Ins. Co.*, 54 Ala. 403; *Bollman v. Lobman*, 74 Ala. 507; *Larkin v. Biddle*, 21 Ala. 252; *Kingsburg v. Flowers*, 65 Ala. 479; *Russell v. Garrett*, 75 Ala. 348; *Blakey v. Blakey*, 9 Ala. 394; Story's Eq. Juris. Chap. 9, Secs. 530-2, 540; *Morris v. Morris*, 58 Ala. 443, and *Thorington v. City of Montgomery*, 88 Ala. 549.

COLEMAN, J.—The bill was filed in the Chancery Court by Theodore C. Bates *et al.* for the purpose of having the admin-

istration and settlement of the estate of Susan F. Rouse removed from the Probate Court to the Chancery Court. The bill avers that complainants are the heirs at law and next of kin to deceased. It is the settled law of this State, that any person entitled to share in the distribution of an estate, whether as devisee, legatee or as an heir at law, without showing any special equity, has the right to have the administration of such estate, settled in a court of equity. The reasons have been so often stated, it is unnecessary to repeat them.—*Gould v. Hayes*, 19 Ala. 438; *Moore v. Randolph*, 70 Ala. 575; *James v. Faulk*, 54 Ala. 184; *Hill v. Armistead*, 56 Ala. 118; *Teague v. Corbett*, 57 Ala. 529; *Bragg v. Beers*, 71 Ala. 151; *Otis v. Dargan*, 53 Ala. 178.

The demurrer to the bill, for want of equity was properly overruled. It is no cause for demurrer to a bill filed to remove an administration from the Probate Court to the Chancery Court, that the inventory filed by the executor is not a "full and complete" inventory as required by the statute. A petition to this effect might be filed after the Chancery Court has assumed jurisdiction of the settlement of the estate, but it is quite proper, in the bill itself if deemed necessary, to furnish a statement of all the effects believed to have been omitted from the inventory, or for which the complainants propose to charge the administrator, or claim as assets belonging to said estate.—*Hunly v. Hunly*, 15 Ala. 91. The bill shows that deceased left a last will and testament, which had been duly probated. There are no devises or bequests by the will to complainants but the bill shows that a large portion of testatrix's estate was undisposed of by will and that as to such part, she died intestate. It is as to the property of which she died intestate, that complainants claim in their bill to be entitled to, as her next of kin and lawful heirs.

Section 2000, of the Code, provides that "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within five years after the admission of such will to probate in this State, contest the validity of the same by bill in chancery," &c.

The present bill is not one filed to contest the validity of the will, under this section, and its validity can not become an issue in this case. The bill merely states that the will has been probated, "neither affirming or denying its validity," and avers that a large estate, specifying the property, was left undisposed of by will. If the averments of the bill are, and on demurrer must be taken to be true, as next of kin,

[Bromberg v. Bates.]

complainants are entitled to the residuum, after payment of specific legacies, debts and cost of administration. They are entitled to this residuum whether the will is valid or invalid. Section 2000, *supra*, never contemplated that persons occupying the relation towards the estate, that complainants do, should affirm the validity of the will, in order to obtain that which is theirs outside of, and independent of the will. They claim neither under the will nor against the will, but as heirs at law, as in cases of intestacy. It may be that they are not advised of any facts which would authorize a resort to chancery to contest the will, and it may be that none in fact exist. Complainants are not required to wait until after the expiration of five years, before they can proceed to claim that which is theirs, independent of the question of the validity *vel non* of the will. The demurrer directed to this feature of the bill was properly overruled.

Mrs. Zadek is a legatee under the will, and a proper party to a bill, filed to remove the administration from the Probate to the Chancery Court. The remaining question for consideration, is whether certain statements of the bill are to be regarded as merely impertinent matter, or as averments, presenting an issue of fact which may become material, considered in connection with other facts, in sustaining the ground upon which some relief is sought.

It is not always an easy matter to determine, whether a fact averred, is merely insufficient, and subject to demurrer, or whether the fact averred is simply impertinent, and liable to be stricken out on a reference. Where the facts averred are relied upon, as the grounds for relief, and are insufficient in law to authorize the relief, their insufficiency is open to demurrer. If a fact averred is intended to explain or account for some material fact, or to strengthen or affect some other such fact, or is made to constitute a link in a chain of facts and circumstances, and which are relied upon, as ground for relief, there should be sufficient averments to show the connection of the fact, with the other facts and the purpose of the pleader in making the statement. If the opposite party can not tell from the pleading whether to regard the averment as mere surplusage, and impertinent, or whether to treat it as presenting an issue that may become material in the progress of the trial, then it is open to demurrer. An impertinent fact is one, whether proven or not, or whether admitted or denied, can have no influence in leading to a result. A party guilty of pleading impertinent matter, can always, even at the final hearing be punished by the court, in the adjustment of cost, and as injury might result, if the

matter was wrongfully stricken out, the courts are not quick to consider any averments of facts as impertinent. Such must clearly appear to be its character.—Story Eq. Pl. §§ 267, 270; 6 Amer. Encyc. 757; *Woods v. Morrell,* 1 Johns. Ch. (N. Y.) 104, 107.

In the 4th paragraph of the bill, it is charged that during the life time of testatrix, Frederick Bromberg, the executor, "was her attorney, that she had great confidence in him, and he, owing to such confidence, and the relationship of attorney and client existing between them, had great influence over said Susan F. Rouse." "That said Bromberg was the brother-in-law of E. O. Zadek, and that his wife is the sister of the said Bromberg." If these averments stood alone, they might be regarded as impertinent. But when considered in connection with other averments of the bill, they can not be regarded as merely impertinent. It is averred that the wife of E. O. Zadek is a legatee under the will, that just prior to the death of testatrix she (testatrix) held and owned a mortgage on Zadek—that the executor, Bromberg, omitted this mortgage, and the debt secured, from his inventory, "and that the same has never been paid, or satisfied, and that if said mortgage was given away or otherwise disposed of by testatrix, complainants charge that it was so given to some of the defendants to this bill of complaint, and that the said Susan F. Rouse was induced to give or dispose of said mortgage by the exercise over her of undue influence by the parties to whom the same was given, or by some person connected with or interested in them, and that such gift or disposition of said mortgage and the security therefor, was null and void as to said Susan Rouse, and as to complainants, her heirs at law and next of kin." Mrs. Zadek is a legatee under the will and a defendant to the bill. The bill does not charge that Bromberg, unduly influenced Mrs. Rouse to give away the Zadek mortgage, or other property, but it states his relationship to Mrs. Rouse, his influence over her and her confidence in him. It then states that Mrs. Zadek is his sister, and then charges that if the property was given away, it was given to some of the defendants. (Mrs. Zadek is one of them) and that the gift was induced by undue influence, exercised by the donee, or some person connected with the donee. If, in response to the interrogatories propounded in the bill on proof, it should be developed that the Zadek mortgage or other property was given to Mrs. Zadek or other defendant by Mrs. Rouse in her life time, it would be permissible under the averments of the bill, to introduce evidence that the donor had been unduly influenced by Bromberg,

and in order to procure the gift, he had taken advantage of her confidence in him, and his relation to her as her legal adviser. The statement under consideration in this aspect of the bill can not be regarded as impertinent matter, to be stricken out on motion, and the pleader having failed to aver definitely that Bromberg exercised undue influence in procuring the gifts, if they were made, the failure to make the charge more specific was subject to demurrer. If it was not the purpose of the pleader to make this use of the averment, and if in fact, he regards it as merely impertinent, he should on his own motion, strike it from the bill. Standing in the bill, it is a menace to the defendant, and it is his legal right to clearly understand the purpose for which it is intended.

We are of opinion that the cause of demurrer directed to this feature of the bill, was well taken, and the court erred in overruling it. This is the only error we find in the record. The affidavit seems to be a substantial compliance with section 2025 of the Code, which provides, in what cases an executor may be required to give bond as such, though exempted by the will from giving bond. The bill is not one for discovery only, and the demurrer to the bill, because not sworn to, was properly overruled.—Code, § 3424, and authorities cited to the section.

The demurrers filed by the respondent, Alexander, are not before us for revision, and are not considered. For the error pointed out the case must be reversed.

Reversed and remanded.