# Ligon *et al.* v. Ligon *et al.*

*Bill in Equity for Removal of an Administration from Probate in the Chancery Court.*

1. *Removal of the administration of an estate from the probate into the chancery court, at suit of legatees or distributees; when special ground for equitable cognizance must be averred.*—The settlement of estates of decedents is within the original jurisdiction of courts of equity, and a bill by legatees or distributees for the removal of the administration of their decedent's estate from the probate into the chancery court need not assign any ground or special cause for equitable interposition ; but after the probate court has taken jurisdiction of the estate of a decedent for the special purpose of a final settlement of the pending administration, such administration can not be removed into the chancery court, even at the instance of the legatees or distributees, unless some ground for exclusive equity cognizance is shown, or some fact is averred, which shows that the powers of the probate court are inadequate, and that a resort to chancery is necessary.

2. *Same; when jurisdiction of probate court for final settlement of administration attaches, or is called into exercise.*—The special jurisdiction of a probate court in respect of a final settlement of an administration does not attach and is not called into exercise, so as to cut off the right to invoke equitable jurisdiction of the administration in the absence of special equities, until a proceeding for such final settlement is commenced in the probate court by the administrator filing his accounts and vouchers for the final settlement and a day is appointed therefor.

3. *Same; same.*—A citation to final settlement in the case of the resignation or the removal of an administrator, is not an assumption or putting into exercise of the special jurisdiction of the probate court for final settlement ; and where, for his failure to comply with an order of the probate court requiring an additional bond, the probate

court renders an order removing the administrator, and directing him "to make settlement of his administration of such estate as required by law," such order is not an assumption or exercise of the jurisdiction of the probate court for the purpose of a final settlement of the administration, which excludes chancery jurisdiction in the absence of special equities.

4.  *Same; same; bill to remove administration into chancery.*—Where, after the probate court has made an order removing an administrator and directing him "to make settlement of his administration of such estate as required by law," a bill for the removal of the administration into the chancery court is filed by the legatees or distributees before the administrator has filed his accounts and vouchers, or taken any steps to comply with the law or the order of the probate court for a final settlement, such bill can be maintained without averring any special ground for equitable interposition.

5.  *Same; final decree.*—Where, after an administrator is removed by order of a probate court, a bill is filed by legatees or distributees for a discovery of the assets of their decedent's estate and to have the administration of said estate removed into the chancery court for the purpose of final settlement, a decree in such case that the complainants are entitled to the relief prayed for in the event they have an administrator *de bonis non* appointed and made a party to the bill, is not a final decree which will support an appeal.

APPEAL from the Chancery Court of Cleburne.
Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on April 2, 1891, by the appellees, as the heirs-at-law and distributees of William M. Ligon, deceased, against Rebecca A. Ligon, as former administratrix of the estate of William M. Ligon, deceased, and W. R. Hunnicutt and J. F. Morgan, the sureties on her administration bond.

The bill averred that William M. Ligon died on August 16, 1890, and left surviving him, as his heirs-at-law, the complainants and other named persons; that at his death William M. Ligon was the owner of valuable real and personal property; that on September 3, 1890, Rebecca A. Ligon filed her application to be appointed administratrix of the estate of William M. Ligon, and on September 8, 1890, Rebecca A. Ligon having filed her bond with W. R. Hunnicutt and J. F. Morgan as sureties, letters of administration were issued to her. On October 23, 1890, the complainants in the present bill petitioned the probate court to have Rebecca A. Ligon, as administratrix of the estate of William M. Ligon, deceased, give an additional bond, since the penalty fixed by the bond

previously given was not sufficient; and that on December 17, 1890, the court granted the petition and ordered that Rebecca A. Ligon, as said administratrix, give an additional bond. Rebecca A. Ligon failing to give the additional bond as required, the probate court, on March 23, 1891, rendered a decree in which it was ordered that "Rebecca A. Ligon, administratrix of the estate of William M. Ligon, deceased, be and she is hereby removed from the administration of said estate, and her letters of administration revoked; and she is required to make settlement of her administration of said estate as required by law in such cases." It was further averred in the bill that Rebecca A. Ligon had made no final settlement of her administration of said estate, and had not filed her accounts and vouchers for any settlement in the probate court of said county, or in any other court having jurisdiction of such matters.

The prayer of the bill was that the administration of the estate of William M. Ligon, deceased, be removed from the probate court of Cleburne county into the chancery court, for a discovery of the assets of said estate, and for a final settlement of the administration of said estate by Rebecca A. Ligon in the chancery court. The respondents demurred to this bill, on the ground, among others, that it fails to aver any reason why the cause should be removed from the probate court into the chancery court, and shows on its face that it contains no equity. This demurrer was overruled on July 13, 1891.

In their answer to the bill, the respondents denied that William M. Ligon died possessed of valuable real and personal property; and alleged that on May 1, 1891, Rebecca A. Ligon, in obedience to the order of the probate court made on March 23, 1891, filed in the probate court her accounts, vouchers and statement for a final settlement of her administration of said estate, and that after having fully accounted for the administration of said trust, she was discharged by the court. There was attached to the answer, as an exhibit, the order of the probate court which was rendered on May 1, 1891, allowing the filing of the vouchers, accounts and statement for a final settlement of Rebecca A. Ligon, as 'administratrix of the estate of William M. Ligon, deceased, and appointing June 2, 1891, as the day on which the settle-

[Ligon *et al.* v. Ligon *et al.*]

ment was to be made. In accordance with said order, on June 2, 1891, as is shown by an exhibit to the answer of the respondents, the court approved the accounts of the administratrix, and rendered a decree in her favor against the estate for $245.59. The decree of the chancellor, which was rendered at the April term, 1892, of the chancery court was as follows: "This cause coming on to be heard  *   *   *   upon due consideration, it appears to the court that the complainants are entitled to the relief prayed for in the bill as amended, except that they must, first, have an administrator *de bonis non* of the estate of William M. Ligon, deceased, appointed, and made a party complainant or defendant in this cause. It is further ordered that this court take jurisdiction of the estate of said William M. Ligon, deceased, and that the said pretended final settlement made by the said Rebecca A. Ligon, before the court of probate of said county on the 2d day of June, 1891, or at any time since April 10, 1891, be and the same is hereby set aside and held for naught." Then follows directions for making a final settlement by Rebecca A. Ligon, as administratrix, before the register.

The appeal by the respondents was taken on July 12, 1892; and they here assign as error the overruling of the demurrer, and the decree rendered at the April term, 1892.

AIKEN & BURTON, for appellant, cited *Hill v. Armistead*, 56 Ala. 118; *Dolan v. Dolan*, 91 Ala. 152; *Glenn v. Billingslea*, 64 Ala. 345.

MERRILL & BRIDGES, *contra*.—1. A legatee or distributee may resort to a court of equity, as a matter of right and without the assignment of any special cause, for a final settlement of an estate, at any time before proceedings are commenced for a final settlement in the probate court.—*James v. Faulk*, 54 Ala. 184; *Gamble v. Jordan*, 54 Ala. 432; 3 Brick. Dig., 334, §§ 62, 63; 3 Pomeroy's Eq. Jur., 97, note.

2. It is proper practice to issue citation to an administrator who has resigned or been removed, before resorting to compulsory measures for final settlement, but the issuing of citation is not taking jurisdiction by the probate court, so as to prevent a resort to equity.—*Glenn*

[Ligon *et al.* v. Ligon *et al.*]

*v. Billingslea,* 64 Ala. 345.    And certainly jurisdiction of the probate court does not attach before the issuance of citation.—Black on Judgments, §§ 215, 216.

McCLELLAN, J.—It is well settled, and we do not understand it to be controverted in this case, that a bill by legatees or distributees for the removal of the administration of an estate into the chancery court need not assign any ground or special cause for equitable interposition. The settlement of estates of decedents is within the original jurisdiction of courts of equity, and our statutes conferring jurisdiction in that regard upon courts of probate, while they *require* executors and administrators to make settlements in those courts, unless some special ground necessitating the exercise of the larger powers and jurisdiction of chancery is shown, yet do not operate to divest or narrow the jurisdiction of courts of chancery, nor to clog its exercise by any conditions whatever, upon the reasonable invocation of the legatees or distributees of a decedent's estate.—3 Brick. Dig., 334, §§ 61, 62, 63; *Harland v. Person,* 93 Ala. 273 ; *Cary v. Simmons,* 87 Ala. 524.

It is equally well settled that, after the probate court has taken jurisdiction of the estate of a decedent for the special purpose of a final settlement of the pending administration, there can be no removal of the administration into the chancery court even at the instance of the legatees or distributees, unless some ground for exclusive equity cognizance is shown—unless some fact is averred because of which the powers of the probate court are inadequate and a resort to chancery is necessary. Authorities *supra.*

No special ground of equity jurisdiction is averred in the present bill exhibited by the heirs and distributees of the estate of Wm. M. Ligon, deceased, for the removal of the administration thereof into the chancery court—no fact is averred necessitating the invocation of chancery jurisdiction. Whether the complainants are entitled to the relief they pray—the removal of the estate into chancery and its final settlement there—depends, therefore, upon the inquiry whether the jurisdiction of the probate court for the purposes of final settlement had attached and was in exercise at the time of bill filed. The status of the administration at the time in question was

[Ligon *et al.* v. Ligon *et al.*]

this :   Rebecca A. Ligon, the administratrix, had, upon
the application of the distributees of the estate, been re-
quired, within a time prescribed in the order, to give an
additional bond for the faithful administration of the
estate, and this order she had failed to comply with.
Thereupon an order was entered March 23, 1891, remov-
ing her from the office of administratrix of the estate,
revoking her letters of administration and requiring her
"to make settlement of her administration of said estate
as required by law." This bill was filed on the second
day of April following, no steps having in the meantime
been taken by the administratrix to comply with the law
or the order of the court for final settlement.   On the
1st day of May, 1891, a month after the filing of the bill,
the administratrix filed her accounts and vouchers for a
final settlement; and the probate court proceeded to
make such settlement and to discharge her, notwith-
standing the pendency of the bill, on the theory that
jurisdiction to that end had attached upon the making
of the order of March 23, 1891.   In a broad sense, the
probate court which issues letters has a general jurisdic-
tion over the administration of the estate and the set-
tlement thereof, but confessedly this general jurisdiction
is not of a character to preclude the assumption of juris-
diction by the chancery court at the instance of legatees
or distributees whether they show special equities or not.
The jurisdiction of the probate court which will put the
legatees and distributees to a showing of special grounds
of equitable cognizance as a condition precedent to the
removal of the administration is of a special sort, and
must be called into exercise by something done in re-
spect of a final settlement.   What is necessary to be done
to put that special jurisdiction into exercise is the ques-
tion now before us.   When does the special jurisdiction
of the probate court for final settlement attach, or,
more accurately, is called into exercise?

In *Gamble v. Jordan, et al.*, 54 Ala. 432, it is held that this
jurisdiction is called into exercise, so as to cut off the in-
vocation of chancery jurisdiction in the absence of special
equities, when the administrator files his accounts and
vouchers for a final settlement and a day is appointed for
the settlement.   And in *James et al. v. Faulk et al.*, 54 Ala.
184, it is said that the administration must be removed
into chancery at the instance of a legatee at any time be-

30

[Ligon *et al.* v. Ligon *et al.*]

fore a "proceeding" for final settlement has been commenced in the probate court, citing *McNeil v. McNeil*, 36 Ala. 109. That a *citation* to final settlement in the case of an administrator who has resigned or been removed is not the assumption and putting into exercise of the jurisdiction of the probate court is directly held in the case of *Glenn's Admr. v. Billingslea*, 64 Ala. 345, and this is put upon the ground that on the resignation or removal of an administrator the statute itself—Code, § 2175—provides and requires that he must within one month file his accounts, voucher &c. for, and proceed to make, final settlement, and that no citation to him to make settlement is necessary or is provided by law. This is equally true in respect of an order, such as was made in this case, requiring the administrator to make settlement as required by law. There is no authority of law for the entering up of such order; there is no occasion for it, since the command which it attempts to lay upon the administrator has been already laid upon him by the law itself, and it does not even import on its face the exercise of the court's power, but is merely a mode of calling attention to the requirement of the statute. It is without force or effect, and, like the unauthorized citation, can not be considered the commencement of a proceeding for final settlement. In this case, therefore, all that had been done when the bill was filed was the removal of the administratrix. The law thereupon required her to file her accounts and vouchers, list of distributees &c. for final settlement within one month. But she had not taken these steps and no proceeding had been commenced in the probate court for a final settlement. The case is even clearer for the complainants than that of *Glenn's Admr. v Billingslea*, 64 Ala. 345, *supra*. Applying the reasoning of that case, whether it be *dicta* as insisted (we think erroneously) by appellants' counsel or not, to the case at bar, we are driven to the conclusion that the jurisdiction of the probate court for the final settlement of this estate had not attached and was not in exercise when the present bill was filed, and that therefore under its averment the complainants were entitled to have the administration of the estate removed into the chancery court. It would seem, indeed, that the final settlement, the assumption of jurisdiction of which will exclude chancery jurisdiction in the absence of special equities,

must be a final settlement *of the estate* and not merely
the final settlement of the administration of a particular
representative.

We have deemed it proper to express the foregoing
views, hoping thereby to facilitate this cause in the
court below, notwithstanding our further conclusion
that there was no decree in this case from which the
present attempted appeal would lie, and the consequent
necessity we are under to dismiss the appeal. There
was indeed no decree except on the demurrers, and the
time for appealing from that decree separately had
lapsed before this appeal was taken. The chancellor
in effect held that the complainants would be entitled
to the relief prayed in the event they should have an
administrator *de bonis non* appointed and made a party
to the bill. This was not and could not be a final
decree even if it be taken as having gone on to declare
the precise relief that should be granted upon the ap-
pointment and coming in of the administrator *de bonis
non*. And the appeal must, therefore, be dismissed.

Appeal dismissed.

