# Echols *et al.* v. Orr, Scroggins & Humes.

*Bill in Equity to have Conveyance set aside as Fraudulent and Void.*

1.· *Demurrers good in part only*—A demurrer which is directed to a whole bill, but is good in part only, is properly overruled; and on a bill filed by a creditor to set aside certain conveyances of his debtor because fraudulent and void, and to have the property so conveyed subjected to the payment of complainant's debt, a demurrer to the whole bill, on the ground that a part of the debt was contracted after the execution of the conveyance, though good as to such part,.is properly overruled, where the bill was confessedly well filed as to that part of complainant's indebtedness which was contracted prior to the execution of the conveyance.

2. *Fraudulent conveyance; title of subsequent purchaser from grantor.* A conveyance which was made for the purpose of hindering, delaying and defrauding the creditors of the grantor, is void as against both antecedent and subsequent creditors; and the fact that the fraudulent conveyance was recorded when the subsequent indebtedness was contracted, is not material, and constitutes no defense to a bill filed by a subsequent creditor to set aside said conveyance.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellees on the 8th day of December, 1893. It seeks to have set aside as fraudulent two certain deeds made by the defendant,· A.

Ewing Echols, to his wife and co-defendant, Daisy Echols, on, respectively, the 1st day of June, 1893, and 10th day of June, 1893, both of said deeds having been filed for record in the probate court of Madison county on the 3d day of July, 1893. The bill alleges that the firm of Echols & Sheffey, of which the defendant, A. Ewing Echols, was a member, and for whose debts he is individually liable, is indebted to complainants, and seeks to subject the property conveyed by said two deeds to the payment of said indebtedness. One hundred, seventy-three and 41-100 dollars of this indebtedness was contracted by said firm of Echols & Sheffey on the 29th day of March, 1893. Said deeds recite as consideration "natural love and affection." The remainder of said indebtedness, to-wit, the sum of $671.75 was contracted after said deeds were filed for record. The bill shows that said firm and each individual member thereof has no property subject to execution at law, which can be subjected to their debt. The bill alleges the real estate conveyed was worth $20,000. It alleges that when said deeds were executed, said defendant, A. Ewing Echols, intended that his said firm should incur the indebtedness to which complainants seek to subject the property conveyed in said two deeds, and that said deeds "were executed by the said Echols for the purpose of hindering, delaying and defrauding the creditors of said firm of Echols & Sheffey."

The bill was amended by adding an additional paragraph thereto which alleged that the complainants had no notice of the execution of said deed, when said indebtedness was contracted by said firm. The respondents demurred to the bill as amended, on the grounds, 1st, that it shows on its face that as to the greater part of their debt, the complainants became creditors of said firm of Echols & Sheffey with notice of and subsequent to the execution of said deed; 2d, that the bill shows that said deed had been recorded before the accrual of the $671.75 part of the debt, and that the record of said deed was sufficient to charge the complainants with notice; and, 3d, that the bill does not contain equity as to the part of the debt contracted after the recording of said deed.

Upon the submission of the cause, upon the demurrers, the chancellor decreed that they were not well

[Echols *et al.* v. Orr, Scroggins & Humes.]

taken, and overruled them. The respondents appeal, and assign this decree as error.

HUMES, SHEFFEY & SPEAKE, for appellants—The filing of the conveyance for record operated as constructive notice to all people that the lands described therein had ceased to be the property of Echols, and the complainants in the present bill are chargeable by law with notice, and they could not, therefore, look to the land conveyed in said conveyance as the basis of giving credit for goods subsequently sold the firm of Echols & Sheffey.—Code, § 1797; *Monroe v. Hamilton*, 60 Ala. 226; *Tutwiler v. Montgomery*, 73 Ala. 263; *Lehmberg v. Biberstein*, 51 Texas 457; *Monroe v. Smith*, 79 Pa. St. 459; *Harring v. Richards*, 3 Fed. Rep. 443; *Knight v. Forward*, 63 Barb. (N. Y.) 311; *Lewis v. Castleman*, 27 Texas 407; *Sledge v. Obenchain*, 58 Miss. 670; *Kane v. Roberts*, 40 Md. 594; *Williams v. Banks*, 11 Md. 198; *Sheppard v. Thomas*, 24 Kan. 780; *Kirksey v. Snedecor*, 60 Ala. 192; 3 Brick. Dig., 303; Wait on Fraud. Conv. (1884), 164, § 106.

S. S. PLEASANTS, *contra*.—Conveyances may be set aside by subsequent creditors, as well as by antecedent creditors, if they show actual fraud in the execution of the conveyance attacked.—8 Amer. & Eng. Encyc. of Law, 751-2; *Miller v. Thompson*, 3 Port. 196.

2. The mere fact that the conveyances attacked were recorded before the accrual of the larger part of the indebtedness—the bill alleging actual fraud—can form no ground of demurrer.—*Burdick v. Gill*, 7 Fed. Rep. 668; *Seals v. Pheiffer & Co.*, 77 Ala. 278; *Seals v. Robinson*, 75 Ala. 363; Bump on Fraudulent Conveyances, 324.

HARALSON, J.—1. There is no pretense that the bill is not well filed as against the debt contracted before the execution of the alleged fraudulent deeds. The demurrer interposed was intended, no doubt, to apply to a part only of the bill,—to that part which seeks to set aside the conveyances on account of the debt contracted after their execution and record; but, it is not directed to a part only, but to the whole bill, which being confessedly well filed as to a part of the indebtedness, was properly overruled. A demurrer which goes to the whole bill, but is good in part only, is properly over-

ruled.—*Houston v. Williamson*, 81 Ala. 482; *Burke v. Roper*, 79 Ala. 144.

2. But, the bill on its allegations, was not subject to demurrer. Not simply constructive fraud, making the deeds fraudulent as against prior creditors, but actual fraud, making it fraudulent, as well, against subsequent creditors is fully and definitely averred. It is charged, that at the time of the execution of said deeds "the said A. Ewing Echols contemplated and intended that his said firm of Echols & Sheffey should make the purchase and incur the indebtedness described in paragraph four of this bill, (the debt last contracted, of $671.75), and many other debts and liabilities, * * * * and intended to make default and refuse to pay the same," and that they were made for the purpose of hindering, delaying and defrauding the creditors of said firm. If these allegations are true, the deeds were void as to complainants' debt contracted by said firm after their execution. The fact that the deeds were of record was not material. As was well said in *Burdick v. Gill and wife*, 7 Fed. Rep. 668, "A creditor has a right, when extending credit, to rely upon the honesty and good faith of the debtor. He may assume, without inquiry, that the debtor has made no fraudulent conveyances of property. The debtor can not be heard to say, 'My creditor might have learned that I intended to defraud him,' if he had searched the records or made enquiry." *Weeks v. Yeend*, 104 Ala. 331; *Dickson v. McLarney*, 97 Ala. 383; *Gilliland v. Fenn*, 90 Ala, 233; *Garrett v. Hughlett*, 1 H. & J. (Md.) 3; Bump. on Fraud Con., 131.

The decree is affirmed.

