# Cronk *v.* Cronk *et al.*

*Bill in Equity to remove Administration of an Estate into the Chancery Court, and to require Executor to give Bond.*

1. *Equity pleading; when demurrer to whole bill properly overruled.*—A demurrer to a bill in equity as a whole, is properly overruled, if for any equity disclosed in said bill, the plaintiff is entitled to relief.

APPEAL from the Chancery Court of Mobile.
Heard before the HON. THOMAS H. SMITH.

The bill in this case was filed by the appellees against the appellant. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The present appeal is prosecuted from a decree of the chancellor overruling the demurrer of the defendant to the bill, as amended; and the rendition of this decree is assigned as error.

[Cronk v. Cronk *et al.*]

W. J. YOUNG and BESTER, GRAY & BESTER, for appellant.—Cited *Ex. parte Kilgore,* 120 Ill. 94;*Ladd v. Ladd,* 125 Ala. 135; *Cameron v. Abbott,* 30 Ala. 416; *City Council of Montgomery v. Hughes,* 65 Ala. 203; Am. & Eng. Ency. P. & P., Vol. 22, 177 and note; *Crawford v. Creswell,* 55 Ala. 497.

FITTS & STOUTZ, *contra.*—Cited *Baker, Admr. v. Mitchell,* 109 Ala. 490; *Bromberg v. Bates,* 112 Ala. 363; *Johnson v. Clements,* (Ala.) 14 So. Rep. 14; Code 1896, Sec. 67.

TYSON, J.—The bill in this cause, as amended, was filed by complainants who are devisees under the last will and testament of their deceased mother against the respondent individually and as executor to whom letters testamentary had been duly issued by the probate court of Mobile county. Its purpose, as clearly shown, by the amendment is twofold: to remove the administration of the estate out of the probate court, to the chancery court and to require the respondent to give security for the faithful execution of the trust reposed by the will and accepted by him.

The demurrer to the bill, as amended, which was overruled, and of which complaint is here made, does not challenge or purport to challenge the sufficiency of the allegations to have the administration removed. And, for that matter, its averments in that respect could not successfully be.—*Bromberg v. Bates,* 98 Ala. 621.

Its evident purpose is to raise the question of the sufficiency of the allegation with respect to the right of complainants to require respondent to give a bond for his faithful administration of the trust. But interposed as it is to the amended bill, as a whole, and not to that phase of it indicated above, the decree appealed from must be affirmed, irrespective of whether the objections pointed out by the demurrer be good or bad.—*Houston v. Williamson,* 81 Ala. 482;*Beall & Caston v. Lehman, Durr & Co.,* 110 Ala. 446; *Worthington v. Miller,* 134 Ala. 420.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J., concurring.