# Colquitt, *et al. v.* Gill, *et al.*

*Bill to Remove Administration from the Probate to the Chancery Court.*

(Decided July 6, 1906.   41 So. Rep. 784.)

1. *Courts; Removal of Administration from Probate to Chancery Court.*—Legatees or distributees may maintain a bill to remove the administration of the estate from the probate to the chancery court without assigning any cause, general or special, for equitable interposition, where it appears therein that the probate court has not taken jurisdiction for the special purpose of making a final settlement of the estate.

2. *Same; Allegation of Bill.*—The bill for removal need not allege that decedent was dead, or that there were assets of the estate in the county, these facts being referable to the grant of letters of administration by the probate court, to which alone § 55, Code 1896, applies.

APPEAL from Crenshaw Chancery Court.

Heard before Hon. W. L. PARKS.

This was a bill filed by E. E. Gill and others against C. C., B. F., and W. D. Colquitt, individually and as administrators of the estate of C. C. Colquitt, deceased, seeking to remove the administration from the probate court of Crenshaw county to the chancery court thereof. The bill alleges that each of complainants are over 21 years old and that they, together with the respondents, are the sole and only distributees, next of kin, and heirs at law of C. C. Colquitt, deceased; that administration upon said estate is now pending and is undetermined, and is being conducted by said administrators under let-

ters of administration issued to them by the probate court of Crenshaw county, Ala.; that there is no proceeding now pending, and no application has been filed by the administrators or any other person for a final settlement of said administration of said estate in said probate court. Respondents move the court to dismiss the bill for want of equity, and demur to it upon the following grounds: "There is no equity in the bill. The bill does not allege when or where C. C. Colquitt departed this life. The bill does not allege that decedent departed this life seized or possessed of any property real or personal. It does not allege that decedent died leaving any assets in Crenshaw county, Ala. It does not allege that decedent left any assets at his death subject to administration. It does not allege when letters of administration were granted on the estate of decedent by the probate court. It does not allege when, where, or to whom letters of administration issued from the probate court. Its allegations are indefinite and uncertain as to whether letters of administration on the estate of decedent were sued out by J. F. Colquitt and W. D. Colquitt, or by other and different parties. The facts alleged are not sufficient to give the chancery court jurisdiction. Its allegations are too indefinite and uncertain to give this court jurisdiction of the administration of the estate of decedent. The chancellor overruled the demurrers and the motion to dismiss for want of equity, and from this decree the respondents prosecute this appeal.

C. H. ROQUEMORE and SOLLIE & KIRKLAND, for appellant. No brief came to the Reporter.

M. W. RUSHTON and BRICKEN & BRICKEN, for appellees. No brief came to the Reporter.

ANDERSON, J.—A bill may be filed in the chancery court by legatees or distributees for the removal of the administration of an estate into said court and need not assign any special or general cause for equitable interposition.—*Harland v. Person,* 93 Ala. 273, 9 South. 379;

[Colquitt, *et al.* v. Gill, *et al.*]

*Cary v. Simmons,* 87 Ala. 524, 6 South. 416; *Ligon. v. Ligon,* 105 Ala. 460, 17 South. 89. But after the probate court has taken jurisdiction of the estate of a decedent for the special purpose of a final settlement of the pending administration there can be no removal of the administration into the chancery court, even at the instance of the legatees or distributees, unless some exclusive ground for equity cognizance is shown or unless some fact is averred because of which the powers of the probate court are inadequate and a resort to chancery is necessary.— *Ligon Case, supra.* The bill in the case at bar negatives the fact that the probate court has assumed jurisdiction for a final settlement and contains equity. It is unnecessary for the bill to aver that decedent died, or that the estate has assets in the county in which the administration is pending, as those are facts referable to the issuance of letters of administration, and not to the removal of the administration from the probate to the chancery court, and section 55 of the Code 1896, applies only to the issuance of letters of administration by the probate court. The bill sufficiently shows that it is filed by the distributees of the estate of C. C. Colquitt, deceased, against W. D. and J. F. Colquitt, the administrators of said estate, and is not uncertain or ambiguous. The chancellor properly overruled the demurrer, and the motion to dismiss for want of equity and the decree is accordingly affirmed.

Affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.