THE UNITED STATES FIDELITY AND GUARANTY COMPANY, PLAINTIFF IN ERROR, v. LOUIS H. DONNELLY, DEFENDANT IN ERROR.

Argued December 1, 1902—Decided March 2, 1903.

A plaintiff is properly nonsuited if his proofs fail to establish an essential part of the agreement upon which he has declared.

On error to the Supreme Court.

For the plaintiff in error, *William I. Garrison* and *Ulysses G. Styron.*

For the defendant in error, *Clarence L. Cole.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff declared upon an agreement under seal, by which the defendant agreed to indemnify the plaintiff against the damage it should sustain by reason of its having executed two "undertakings" incident to the removal of two certain actions into the City Court of the city of New York, averring damage by reason of a judgment rendered by said court in the actions so removed into it. The defendant pleaded that he had not made such an agreement—in effect, a plea of *non est factum.*

To prove the affirmative of the issue thus presented the plaintiff offered a scaled instrument, executed by the defend-

ant, which recited that the plaintiff had become surety upon two undertakings of removal, and that copies of such undertakings were annexed to, and formed a part of, the agreement between the parties; but, in point of fact, the instrument offered by the plaintiff was not accompanied by copies of any undertakings, and no offer was made in the first instance to supply proof respecting this part of the defendant's alleged agreement. The objection of the defendant to the admission of the instrument offered by the plaintiff having been sustained by the trial court, the plaintiff was permitted to introduce an exemplified copy of a record of the City Court of the city of New York, which recited an undertaking by the plaintiff with respect to an action pending in the said court, and certified the recovery of a judgment upon such undertakings. The plaintiff then renewed its offer of the sealed instrument executed by the defendant, claiming that the recital in the record of the New York judgment supplied adequate proof as to the undertakings that were part of the agreement declared upon, and that the judgment itself established both the fact and the *quantum* of the plaintiff's damage. This was the plaintiff's case, upon which a nonsuit was directed, to which direction an exception was allowed.

It is evident that the plaintiff's entire case was presented upon its renewed offer of the defendant's agreement as supplemented by the New York record, and that the propriety of the earlier ruling upon a part only of such agreement has no practical bearing upon the merits of the controversy.

The ruling of the trial court upon the plaintiff's case as finally made up was obviously correct. The written instrument that was offered showed upon its face and expressly stated that it was but part of the agreement between the parties. The New York record in nowise identified the undertaking that it recited with the undertakings that formed an essential part of the alleged agreement of the defendant. The plaintiff therefore had not proved an essential part of the agreement upon which it had declared, and which the defendant, by his plea, denied that he had made.

The judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, PITNEY, BO-GERT, VREDENBURGH, VOORHEES, VROOM.  12.

*For reversal*—None.