UNITED STATES FIDELITY AND GUARANTY COMPANY, DEFENDANT IN ERROR, v. LOUIS H. DONNELLY, PLAINTIFF IN ERROR.

Argued March 14th, 1905—Decided June 19th, 1905.

Where in an action upon an agreement whereby the defendant agrees to indemnify the plaintiff against any damage it might sustain by reason of its having executed two undertakings on the removal of certain actions into the City Court of the city of New York, and the plaintiff's case showed a complete agreement and the breach thereof by reason of a judgment rendered by said court in the actions so removed into it, and no evidence having been offered by the defendant to impeach the said agreement or record of said judgment—*Held*, it was not error to direct a verdict for the plaintiff.

---

On error to the Atlantic Circuit.

This case was tried before Judge Endicott and a jury, and a verdict directed for the plaintiff.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Eli H. Chandler.*

The opinion of the court was delivered by

Vroom, J.   This suit was brought by the United States Fidelity and Guaranty Company of Maryland against Louis H. Donnelly to recover the sum of $1,119, which sum the plaintiff had been required to pay by reason of its having become surety on certain bonds, for which surety the defendant had agreed to indemnify the plaintiff.

The plaintiff declared, upon an agreement under seal, by the terms of which the defendant agreed to indemnify and save harmless the plaintiff from and against all loss, damages, &c., which it should sustain or incur by reason or in consequence of its having executed two certain undertakings on removal, incident to the removal of two certain actions into the City Court of the city of New York, wherein Rupert Ryley was plaintiff and Alfred E. Aarons defendant, the damages averred being by reason of a judgment rendered by said City Court in actions so removed to it.   The defence was that the defendant had made no such agreement.   This case was before this court in 39 *Vroom* 654, when the writ of error removed a judgment of nonsuit directed by the trial judge.   It then appeared that the plaintiff, for the purpose of proving the affirmative of the issue, offered an agreement under seal, executed by the defendant, which recited that the plaintiff had become surety for one Alfred E. Aarons on two certain undertakings on removal, and that copies of said undertakings were annexed to and formed a part of the agreement between said parties.   It appeared, however, at the trial, that the agreement offered was not accompanied by any copies of undertakings, and the only attempt made to supply this defect was by the offer of the exemplified record of the New York court which exhibited certain undertakings as part thereof, but in nowise identified these undertakings as the ones which formed an essential part of the agreement sued upon.   It was upon this agreement that a nonsuit was ordered and affirmed by this court.

At the second trial, when the agreement of indemnity was produced, it had annexed to it the copies of the undertakings, and which as therein recited formed a part of the original

agreement. The evidence did not disclose how these undertakings became annexed to the agreement, but it was not controverted that they were properly annexed when the agreement was offered in evidence. The plaintiff, in addition, offered the exemplified copy of the judgment roll of the City Court of the city of New York, which set out a copy of the judgment against the plaintiff. This judgment record fully identified the undertakings recited therein with the undertakings that formed a part of the agreement of the defendant, thus removing the objection made in this court, in 39 *Vroom* 655, that the plaintiff had not proved an essential part of the agreement on which it had declared. The agreement, as offered, was complete, and no evidence was offered to impeach its validity.

In order to show a breach of the agreement the plaintiff offered in evidence a copy of the judgment roll of the City Court of the city of New York in the case of Rupert Ryley against the plaintiff, and the satisfaction thereof, exemplified according to the act of congress, which provides that full faith and credit shall be given to such record of judicial proceedings in every court within the United States, and under our Evidence act (*Pamph. L.* 1902, *p.* 370, § 27) was admissible in evidence to prove the facts therein contained.

By this record it appeared that on March 7th, 1901, Rupert A. Ryley recovered a judgment against the plaintiff herein for the sum of $1,119 upon the undertakings on removal hereinbefore mentioned, and that said judgment had been satisfied by the United States Fidelity and Guaranty Company.

The plaintiff having thus proved the agreement declared upon and its breach, the direction of a verdict in favor of the plaintiff at the trial was proper.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN. 12.

*For reversal*—None.