# Flowers *v.* Barker.

## *Bill in Equity for Foreclosure of Mortgage.*

1. *Wife as party to bill against husband.*—When a married woman joins with her husband in a mortgage of lands, the legal title to which stands in his name, she is not a necessary party to a bill for foreclosure, even if she claims an equity in the lands on the ground that her funds were used in paying the purchase-money ; and not being made a party, her rights would not be affected by the decree ; yet she may be made a party, in order that she may be bound by the decree.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 26th February, 1885, by George W. Barker against B. L. Flowers; and sought the foreclosure of a mortgage on a tract of land. The mortgage, a copy of which was made an exhibit to the bill, was dated the 28th December, 1883, and purported to secure the payment of a promissory note for $1,319.05, which was of even date with the mortgage, and payable on the 1st January, 1885. The note and mortgage, each, was signed by said Flowers and his wife jointly; and appended to the mortgage was a certificate, in due form, as to the acknowledgment by both of them, and the examination of the wife separate and apart from her husband. The defendant demurred to the bill, because his wife was not joined as a defendant with him ; and in his answer he alleged that the purchase-money for the lands was paid with funds belonging to her statutory estate, and that the complainant knew this fact when he took the mortgage. He also pleaded usury in the mortgage debt. The chancellor sustained the defense of usury, on final hearing on pleadings and proof, and rendered a decree of foreclosure as to the balance due on the mortgage debt, which he ascertained to be $967; but the record shows no ruling on the demurrer. The final decree is now assigned as error, and an additional assignment is based on the overruling of the demurrer to the bill.

GARDNER & WILEY, for appellant.

N. W. GRIFFIN, *contra.*

STONE, C. J.—At and before the execution of the mortgage which the present bill seeks to foreclose, the legal title of

[Steed v. Knowles.]

the premises was in B. L. Flowers, the mortgagor. The legal title was therefore brought before the court. If Mrs. Flowers has any claim to, or interest in the land, it accrued before the mortgage was executed; and, from anything apparent in this record, it could, under the extremest possible view, rise to no higher dignity than an equitable right to trace her money into the land.—*Preston v. McMillan*, 58 Ala. 84. It was not improper to make her a party; for had she been, the decree would have established or barred her rights or claim. Not being a party, the decree does not affect her.—*Andrews v. Jones*, 10 Ala. 400; *Branch Bank v. Hodges*, 12 Ala. 118; *Hunt v. Acre*, 28 Ala. 580; *Walker v. Elledge*, 65 Ala. 51. She was not, however, a necessary party.—2 Jones Mort. § 1439, and notes.

Affirmed.