# Craddock *v.* American Freehold Land Mortgage Company of London.

*Bill in Equity by Mortgagee, as Purchaser at Sale under Power, to compel Election by Mortgagor, and Foreclosure in event of Disaffirmance of Sale.*

1. *Contract with foreign corporation, not having resident agent and known place of business in this State.*—A person who made a contract with a foreign corporation, prior to the passage of the act approved February 28th, 1887, "to give force and effect to" the constitutional

[Craddock v. American Freehold Land Mortgage Co. of London.]

provision contained in the 4th section of the 14th article (which declares, that no foreign corporation "shall do any business in this State, without having at least one known place of business and an authorized agent or agents therein"), received the benefits thereof, and suffered it to be executed, can not then be heard to assail its validity on account of the failure of the corporation to comply with said constitutional provision.

2. *Same; when contract is executed; case at bar.*—If a mortgage of land is executed to such foreign corporation, and it is foreclosed by a sale under the power, the mortgagee becoming the purchaser, but without authority, and then filing a bill to compel an election by the mortgagor; the contract is to be regarded as executed, within the principle above stated, *at least* until the mortgagor elects to disaffirm the sale.

3. *Mortgage executed by husband and wife; construed as to their respective interests in property.*—A mortgage of lands executed by husband and wife, as "party of the first part," signed and acknowledged by both of them, with formal relinquishment of dower and homestead, and given to secure the payment of a note to which both of their names are signed, being made an exhibit to a bill for foreclosure, will not be construed, on demurrer, as showing that the land belonged to the husband and wife jointly, when the bill alleges that the husband was seized and possessed of the land, and that the note was given for his debt.

4. *Demurrer for non-joinder of parties.*—A demurrer on account of the non-joinder of necessary parties, not showing who they are, is properly overruled; as where the bill seeks to foreclose a mortgage against the husband alone, alleging that his wife's name is *Martha*, and it is so signed to the instrument, a demurrer on account of the non-joinder of his wife *Matilda* is properly overruled.

5. *Husband and wife as parties.*—When a bill seeks to foreclose a mortgage on lands, executed by husband and wife jointly, even though the land belongs to the husband alone, the wife is a proper, if not a necessary party, since otherwise a foreclosure might leave the equity of redemption outstanding in her.

6. *Purchase by mortgagee, at sale under power; compelling election by mortgagor.*—When a mortgagee becomes the purchaser at his own sale under the power, not being authorized to do so, he may file a bill in equity to compel an election by the mortgagor, either to ratify or disaffirm the sale; and, in the event of a disaffirmance, to compel a sale and foreclosure under the decree of the court.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. S. K. McSPADDEN.

JNO. A. TERRELL, and H. A. GARRETT, for appellant, cited *Houston v. Williamson,* 81 Ala. 482; *Sawyer v. Baker,* 66 Ala. 292; *Chapman v. Hamilton,* 19 Ala. 121; *W. U. Tel. Co. v. Amer. Tel. Co.,* 67 Ala. 26; *Dudley v. Collier & Pinckard,* 87 Ala. 431.

H. J. GILLAM, contra, cited *Alvis v. Sherwood,* 83 Ala. 115; Story's Eq. Pl., § 452; 2 Jones on Mortgages, § 1420; 3 Brick. Digest, 389.

McCLELLAN, J.—The bill in this case was filed by the appellee, to compel the appellant, George F. Craddock, to

[Craddock v. American Freehold Land Mortgage Co. of London.]

elect whether he would disaffirm the purchase by appellee of certain lands at a sale made in the execution of a power contained in a mortgage from appellant and wife to the appellee; and prayed further that, in the event Craddock should elect to disaffirm, the mortgage should be foreclosed, &c. The debt secured was created in the year 1884; the mortgage was executed on May 14th of that year, and the sale was made on the 10th day of December, 1888. The demurrers to the bill are, (1) that the complainant is a foreign corporation, and is not shown to have an office or known place of business in this State and an agent; (2) that one *Martha* Craddock was a material defendant, and is not made a party; and (3) that the bill is without equity, in that it discloses that complainant has an adequate remedy at law. This appeal is taken from the decree of the chancellor overruling these several demurrers.

In the case of *Sherwood v. Alvis*, 83 Ala. 115, which involved the validity of a mortgage executed to a foreign corporation not having an office or known place of business or an agent in this State, prior to the act of February 28, 1887, "to give force and effect to section 4, Article XIV of the Constitution of the State of Alabama," it was held that the provision of the Constitution, in this regard, did not render void a contract made by a corporation which had not complied with its terms, and that the other party to such contract, having received its benefits—the contract being an executed one—could not be heard to question the capacity, on this account, to make it. In the subsequent case of *Dudley v. Collier*, 87 Ala. 431, the conclusion reached in *Sherwood v. Alvis* was impliedly sustained, but so much of the opinion as had reference to the effect that should be accorded to the act of 1887, *supra*, was held to be *obiter dicta;* and stress was laid upon the fact, that the contract there involved was an executed one, in a measure at least.

The present case, in so far as it is within the influence of the constitutional provision referred to, is, as now presented, identical with that of *Sherwood v. Alvis*. The mortgage was executed long prior to the act of 1887, and the contract now involved is, in some measure at least, an executed one. The case last cited, therefore, and not that of *Dudley v. Collier*, is decisive of the point raised by the assignment of demurrer under consideration.

If the respondent elects to disaffirm the sale, the contract may possibly cease to be an executed contract, as that term

is used in the cases referred to; and in that event, it may be, the defense of incapacity, resulting from non-compliance with the constitution and laws, would be admitted. We decide nothing on this point, however, further than that, as the matter now stands, there has been a foreclosure of the mortgage, and the debt thereby paid; and that while this state of things continues, and, at least until the foreclosure and consequent satisfaction of the debt is opened up by a disaffirmance of the sale, this case comes within the influence of *Sherwood v. Alvis, supra.*

The bill alleges that George F. Craddock was seized and possessed of the lands embraced in the instrument, and that he and his wife, *Matilda* Craddock, executed the same for the purpose of securing the prompt payment of the debt evidenced by a certain promissory note, and the interest coupons thereto attached. This note and coupons, which are made exhibits, are in form obligations of George F. Craddock, but are signed by his wife. The mortgage, which is also exhibited, in form is the joint conveyance of Craddock and wife, and contains the usual covenants of seizin, &c., as if made by them as owners in common of the land. The right of dower is expressly relinquished, and by the terms employed to that end, it would appear that the relinquishment was made by the husband and wife jointly. We do not think that these exhibits necessarily imply or import that the wife had an undivided half interest in the land. It would seem that, at most, it is uncertain from the recitals and covenants of the mortgage, taken in connection with the note and coupons, whether the wife had any interest in the land, except her inchoate right of dower and homestead claim; and that this ambiguity is relieved by the averment of the bill, that the husband owed the debt, and was seized and possessed of the land. Another principle, which would incline courts to resolve the ambiguity in favor of the sole ownership of the husband, is, that the wife could not execute a valid mortgage on her undivided half interest held by her in the land, to secure the debt sought to be enforced; and where two constructions may be adopted, one of which will support, and the other of which will defeat the instrument, the former should be adopted.—*Vincent v. Walker*, 86 Ala. 337. However all this may be, the demurrers intended to raise this inquiry were properly overruled, because they do not reach the point. The demurrer is for the non-joinder of *Martha* Craddock as a party defendant. No such individual is

[Levy v. Bloch & Co.]

named in the bill or exhibits, and neither disclose or indicate in any way that she has any interest in the subject-matter of the suit. The bill shows that *Matilda* Craddock was the wife of George Craddock, and alleges that as such she joined in the execution of the mortgage. A demurrer for the want of parties, which does not specify those who should have been joined, should be overruled.—*Chambers v. Wright*, 52 Ala. 444. In that aspect of the case in which it is sought to foreclose the mortgage, it may become necessary, or at least proper, to join the wife of George F. Craddock as a defendant, even granting his sole ownership of the land. Otherwise it may be, that foreclosure would leave the equity of redemption outstanding in her.

A mortgagee, who purchases, either by himself or through an agent, at a sale made by himself under the power contained in the mortgage, and which does not authorize him to become the purchaser, may come into equity to have the infirmity of his title, resulting from the mortgagor's right to disaffirm the sale, removed by a confirmation of the sale, if the mortgagor so elects, or by a re-sale under a decree of the court. This is the equity presented by the present bill, and the demurrer for want of equity was properly overruled. *McLean v. Pressley*, 56 Ala. 211.

The decree of the Chancery Court is affirmed.