PHILLIPS *v.* JACOBS.[1]

1. EQUITY—CHANCERY PRACTICE—DEMURRER—AMENDMENT — DISCRETION OF COURT.

It is within the discretion of the court to allow amendments to a demurrer to a bill in chancery.

2. SAME—JOINT DEMURRER.

Where a demurrer to a bill in chancery is joint, and not several, it cannot be sustained except upon grounds that are good as to all the defendants.

3. SAME—BILL—REVIVOR—SUPPLEMENT—NATURE.

A bill which sets out a former bill by which complainant, a stockholder, sought to restrain mismanagement of defendant corporation, and avers that that suit was abandoned on complainant's selling his stock in the corporation to one of the de-

[1] Rehearing denied December 7, 1906.

fendants, and which prays an accounting of profits that should have been divided before the sale of complainant's stock, and asks a decree against the purchaser of complainant's stock for damages for a sale thereof contrary to agreement, is not properly denominated a bill of revivor or supplement, but is an original bill.

4. SAME—CORPORATIONS—SALE—UNDIVIDED PROFITS—REMEDY IN EQUITY.

A bill which states that complainant was a minority stockholder in defendant corporation, that one of the defendants, its president and dominating stockholder, so manipulated its business as to avoid paying dividends, that complainant filed a bill to redress this and other wrongs, but abandoned it on selling his stock to another defendant, retaining title to the undivided profits, that defendants have sold the entire business of the corporation at great profit to themselves and in violation of an agreement contained in the sale of complainant's stock, and which prays an accounting of profits accumulated before complainant sold his stock, and a decree for the liquidated damages provided in his contract of sale for breach of the contract not to sell, states a cause for equitable relief.

Appeal from Wayne; Rohnert, J.   Submitted October 17, 1905.   (Docket No. 67.)   Decided July 23, 1906.

Bill by Harry C. Phillips against Abraham Jacobs, the East Side Electric Company, and Julius P. Rosenthal, for an accounting.   From a decree sustaining a demurrer to the bill, complainant appeals.   Reversed.

*Adolph Sloman* (*Edmund M. Sloman*, of counsel), for complainant.

*Maybury, Lucking, Emmons & Helfman*, for defendants.

McALVAY, J.   Complainant filed his bill in the Wayne circuit court, in chancery, setting forth that defendant electric company is a Michigan corporation engaged in furnishing electric lights, heat, and power to private consumers in the city of Detroit, with a capital stock of

$20,000, represented by 800 shares of a par value of $25 each; that on March 4, 1903, he was owner of 100 shares of said stock; that defendant Jacobs was president, treasurer, and a director of said company, and guilty of misconduct in the affairs of said company, whereby he was seeking to acquire ownership and control of the property thereof, and unlawfully acquire the stock of other holders, to prevent which complainant on December 23, 1902, filed a bill of complaint in said court against Jacobs and said electric company praying, among other things, for an accounting; that the issue of 160 shares of stock to Jacobs be declared void; that the title to a lot on which the company's plant was situated be declared to be its property, and Jacobs be decreed to deed; that an injunction issue restraining defendants from increasing capital stock and from ratifying certain former illegal acts; and that a receiver be appointed. An injunction was granted, and on a hearing of motions to dissolve the injunction and to appoint a receiver the latter motion was denied and the injunction modified to permit the increase of the capital stock of the electric company by the stockholders and directors, if voted according to law; also to permit the rescinding of a resolution relative to the issue of 160 shares of stock and additional compensation of officers; also to make a deed of certain real estate on payment of $2,000.

This former bill of complaint and the order of the court are set forth in full and made a part of complainant's bill of complaint in the suit at bar, which further alleges that after the order of the court above referred to was made in that suit certain propositions for settlement were made in writing to Jacobs on the suggestion of the trial judge. These propositions were not accepted, and no settlement was made. Afterwards, on January 17, 1903, Jacobs was re-elected president and treasurer for the ensuing year, with other officers favorable to his management. Complainant avers that previous to the time of the alleged misdoings of Jacobs the electric company had declared semi-annual dividends to its stockholders, and that for six

months prior to the last election had made very large profits which belonged to the stockholders, including complainant, and in the usual course of its business, but for the misconduct of Jacobs, would have been paid as a dividend in said month of January, of which complainant's share would have been more than $1,000, and that this action was brought about by Jacobs for the purpose of compelling complainant to withdraw his former suit.

Complainant avers, further: That afterwards, on March 4, 1903, the defendant Rosenthal entered into the following agreement with him for the sale of his said stock in the electric company:

"This agreement, made this 4th day of March, 1903, between Harry C. Phillips, of Chicago, Illinois, and Julius P. Rosenthal, of Detroit, Michigan, to wit:

"Said Phillips hereby agrees to sell and said Rosenthal hereby agrees to buy said Phillips' one hundred (100) shares of stock in the East Side Electric Company, for the sum of five thousand ($5,000) dollars, and the agreements hereinafter set forth, payable as follows: Thirty-three hundred ($3,300) dollars in cash this day on the delivery of the shares of stock, together with four notes of four hundred twenty-five ($425) dollars each, payable three, six, nine, and twelve months, respectively, all of which are to bear interest at six per cent. (6%) per annum, and be indorsed by a party satisfactory to said Phillips; it being understood and agreed that the semi-annual dividends which would have been payable in January, 1903, and which was held up on account of the pending of the suit hereinafter set forth, shall belong to said Phillips, and the same and all dividends to date, when received by said Rosenthal, shall be paid over to said Phillips.

"As a further consideration for said sale, said Rosenthal agrees to procure a stipulation from the defendants in the case pending in the Wayne circuit court, in chancery, in which said Phillips is complainant, and Abraham Jacobs and the East Side Electric Company are defendants, that the same may be discontinued without costs to either party.

"As a further consideration said Rosenthal agrees not to sell said shares of stock, or any thereof, within two years from this date, for less than the purchase price

aforesaid, without the written consent of Phillips; and it is agreed that the sum of five hundred ($500) dollars shall be considered as a measure of damages sustained by said Phillips, as and for his liquidated damages for the violation by said Rosenthal of said last-mentioned agreement, and the right to recover such damages aforesaid shall be deemed to ·have accrued whenever said Rosenthal shall sell or dispose of said shares of stock, or any of them, at a less price than hereinbefore set forth.

"Executed in duplicate in the city of Detroit the day and year above written.

"HARRY C. PHILLIPS,
"JULIUS P. ROSENTHAL."

That shortly after the sale and transfer of this stock, without the knowledge or consent of complainant, Rosenthal sold and transferred to Jacobs all of said stock for a price less than that stipulated in said agreement, whereby complainant claims he is entitled to enforce the provision for damages stipulated, and that said sale was made to Jacobs with full knowledge of said agreement and its terms. Further, that Jacobs, after the purchase of said stock from Rosenthal, being in full control of the electric company, caused and procured all of its franchises, property, and effects to be disposed of to the Edison Illuminating Company, a competitor, for the consideration of upwards of $100,000, and has appropriated to himself practically all of the proceeds, including the dividends and profits belonging to complainant on account of his shares of stock at the time of making the agreement with Rosenthal.

Complainant claims that the electric company and Jacobs hold the same in trust for him, and he is entitled to an accounting with them; that his demand for such accounting has been ignored; that by reason of said sale of stock, so made by Rosenthal as aforesaid, complainant is entitled to recover from him the penalty provided by said agreement. He prays for an accounting with defendants electric company and Jacobs; that defendant Rosenthal be decreed either to pay him the $500 penalty

agreed upon, or that the sale of said stock to Rosenthal be rescinded, and the title thereto be declared to be in complainant, upon the payment back by him of the purchase price; that it may be decreed that at the time he sold to Rosenthal his shares of stock participated in the profits then earned, and also in the profits arising from the sale of the company's property, and that defendants, or such of them as the court may decree, be required to pay over the same to him. The bill asks that each defendant be required to answer numerous interrogatories as set forth therein.

To this bill of complaint all of the defendants in this suit joined in a demurrer, which by permission of the court was amended. Complainant objected to the amended demurrer for the reason that it came too late and included new grounds for demurrer; and, further, that it was joint, and not several; that the grounds of demurrer were not open to all of the defendants; and that the allegations were not sufficiently specific. Upon a hearing on the demurrer as amended, it was sustained by the court, and a decree entered dismissing the bill of complaint. From this decree complainant has appealed.

There is no force in the claim of complainant that the court had no authority to allow the amendments to the demurrer. It was within the discretion of the trial judge. The demurrer being joint, and not several, it cannot be sustained, except upon grounds that are good as to all of the defendants. It will therefore be necessary to consider only the following grounds of demurrer:

1. That complainant is not entitled to relief in equity.

2. That he has an adequate remedy at law.

Complainant in his brief claims that under his bill of complaint he is entitled:

"1. To the dividend on 100 shares of stock which was earned prior to the sale, but which through the fraudulent and unlawful domination of defendant Jacobs was not declared or paid.

145 MICH.—8.

"2. That inasmuch as Rosenthal in selling to Jacobs these shares for less than permitted under the contract, violated the contract, complainant was entitled to rescind; or

"3. That the court decree the payment by Rosenthal of the liquidated damages fixed by the contract."

The bill of complaint in its form is peculiar, and is claimed by complainant to be in the nature of a bill of revivor and supplement. Under what theory it may be considered a bill of revivor is not pointed out. As we understand the situation the former case, although not formally discontinued, has to all intents and purposes been abandoned; complainant having disposed of all his stock in the corporation. The only possible theory of revivor must be that the case abated when complainant sold his stock to Rosenthal and entered into the contract retaining the dividends to date of sale; that, Rosenthal having defaulted in his contract, complainant, by virtue of his right to the said dividends and his claimed right to rescind the contract, may revive that suit, and litigate matters therein at issue, supplemented by the new matters set up in the bill of complaint in this suit. We think that the claim that this is a bill of revivor and supplement tends to confuse the real issues in the case. This is an original bill in equity, and, except as a matter of history and statement of claims of complainant, the bill of complaint in the former case set up in this bill is of little benefit. All necessary matter in relation to that suit and the claimed fraudulent conduct of defendant Jacobs could have been stated in a paragraph.

The foundation of this suit is the contract between complainant and Rosenthal, coupled with the claimed fraudulent conduct of defendant Jacobs. Relief is sought because Rosenthal sold the stock in question to Jacobs contrary to the terms of his contract of purchase from complainant, and that Jacobs, with full notice of those stipulations, has fraudulently refused to allow dividends to be declared, and refused to recognize complainant's

right to a share of the profits realized on the sale of the company's property. While it may be doubtful whether complainant is entitled to rescind the contract of sale of his stock to Rosenthal, and to participate in such share of the profits to which stock might be entitled, arising from the sale of the entire property of the corporation, yet, if from an examination of the bill of complaint it appears that he is entitled to equitable relief on any grounds, the demurrer cannot be sustained. The defendant company, after Jacobs acquired complainant's stock, with knowledge of his reserved interest, sold its entire material assets. It is no longer operating a business. Whatever of undivided profits it had belonging to complainant are still retained.

The allegations of the bill are to be taken as true. Complainant never parted with his interest in dividends which his stock had earned. These, through the alleged fraudulent manipulation of an officer of the company who dominated its affairs, have been withheld. His rights are ignored. Defendant Jacobs and the other officers of defendant company have refused to declare a dividend. Complainant sets up fraud and misconduct, and asks for an accounting. It appears to us that upon these grounds a cause for equitable relief is stated in the bill of complaint.

The decree of the court sustaining the demurrer and dismissing complainant's bill is reversed, with costs, and the case is remanded, giving defendants 20 days to answer the bill of complaint.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.