# Davis, *et al. v.* Taylor-Lowenstein & Co.

### *Bill to Foreclose Mortgage.*

(Decided Nov. 19, 1908.   47 South. 653.)

1. *Landlord and Tenant; Leases; Construction.*—Where the lease conveyed premises for three years from the cutting of boxes on any part of the tract, the boxing to start during the next January, its validity did not depend upon the starting of boxing at that particular time, nor was it forfeited for a failure to start boxing during that specified month, the boxing not being a condition precedent nor subsequent; the lease contemplated that its terms would expire three years from the last day of January, whether boxing was started or not.

2. *Mortgages; Foreclosure; Parties.*—In a suit to foreclose mortgage on a leasehold interest, in which was conveyed other leasehold interest, the lessors, the validity of whose leases were not in question, were not proper parties.

3. *Same; Wife.*—A wife who joins her husband in a mortgage of a leasehold interest is a necessary party to the foreclosure proceedings for the purpose of cutting off her equity of redemption in her dower interest, but not a necessary party in order to subject property interest of the husband.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Foreclosure proceedings by Taylor, Lowenstein & Co., against Lula M. Davis and others. Decree for complainants, and respondents appeal. Affirmed.

[Davis, et al. v. Taylor-Lowenstein & Co.]

Bailey procured a lease for turpentine purposes on certain lands from A. W. Slaughter, another from J. H. Hunt, and the third from Lula M. Davis and her husband. He mortgaged this leasehold interest, along with other things, to appellee to secure an indebtedness. The terms of the Davis lease are sufficiently set forth in the opinion of the court. The Davis lease was brought by Mrs. Davis' husband to the appellees, and the statement was made by him, at the time that the lease was made, that it was for the purpose of enabling Bailey to obtain advances from appellees, and the lease was left with appellees as a part of the security to them for making the advances, and on this lease and the other leases, which had also been left, together with certain mules, etc., a mortgage was taken for advances approximating $2,000 on which payments had been made amounting to $800. In December, 1906, Bailey was considerably behind in making his payments, and Davis urged appellees to press Bailey for payment under threat of foreclosure. Negotiations ensued whereby Davis was to take over the indebtedness of Bailey to appellees and the securities held by appellees, and either to pay Bailey's debt in cash or to carry out Bailey's contract with appellees. Both having failed to do anything, appellees sent men to cut the boxes; but these men were warned away by Mrs. Davis and no work was done. The contemplated arrangements between Davis and appellees for the carrying out of Bailey's contract was carried on through February, and then abandoned, whereupon appellees filed a bill to foreclose the mortgage, and made Mrs. Davis a party thereto to settle the question as to whether or not the Davis lease was a subsisting, valid lease and a security under the mortgage. Neither Hunt nor Slaughter were made parties.

[Davis, et al. v. Taylor-Lowenstein & Co.]

CHARLES L. BROMBERG, for appellants. The lease by its terms makes time the essence of the contract, and the rights of the parties are to be determined by the contract as made by them.—*M. B. & L. Assn. v. Robinson*, 65 Ala. 386; *Allen v. Mutual C. Co.*, 101 Ala. 576; *Calderon v. Atlas S. S. Co.*, 170 U. S. 280; *U. S. v. Wiltbutger*, 18 U. S. 5 Wheat, 76; *U. S. v. Hartwell*, 73 U. S. 6 Wall. 385; *Crimp v. McCormick C. Co.*, 72 Fed. 366; *Brush E. L. & P. Co. v. Montgomery*, 114 Ala. 442; 1 Greenleaf on Evidence, Sec. 277; *West Haven Water Co. v. Redfield*, 58 Conn. 39; Beach on Contracts, Sections 703 and 714. The lands being designated by the government subdivision, these designations are the ones that prevail as to the lands included in the lease.—Tiedman on Real Property, sec. 832; 24 A. & E. Ency. of Law, 1006; Sec. 64 Code 1886; *Taylor v. Fomby*, 116 Ala. 628. Mrs. Davis never claimed that land upon which the actual boxing was done. The answer discloses that Caroline Bailey is interested in the property sought to be foreclosed in the mortgage by way of homestead right, and without her before the court under the pleadings and the evidence, the court was not authorized to render any final decree whatever.—*Marbury L. Co. v. Posey*, 142 Ala. 394; *Langley v. Andrews*, 132 Ala. 147; *Wynn v. Fitzwater*, 44 South. 97.

L. H. & E. W. FAITH, for appellee. Mrs. Davis was estopped from claiming that the lease was forfeited.— *Wingo v. Harden*, 94 Ala. 184; *Travellers Ins. Co. v. Brown*, 138 Ala. 529; *Tobias v. Morris & Co.*, 125 Ala. 515. Counsel discuss other assignments of error, but without citation of authority.

ANDERSON, J.—The lease recites that the consideration therein expressed was paid, and the complainants had the right to deal with Edmund Bailey, as per the

recitals of the lease presented to them, and were not bound by any oral agreements made between the parties thereto, and of which they had no notice. Indeed, counsel for appellants in effect concedes that complainants are innocent purchasers, provided the lease was not invalidated by a failure to commence boxing the trees during the month of January, 1907. The lease, after describing and conveying the premises, says: "To be used, operated, and worked for the purpose of manufacturing rosin and spirits of turpentine for the full term of three years from the date of cutting the boxes on any part of described tract. The boxing of the timber to start not later than January 31, nor before January, 1907." The requirement that the boxing would start during the month of January was a mere designation of the time for the commencement of the lease. It did not make the validity of the lease dependent upon the starting of boxing, and was not a condition precedent; nor did it provide for a forfeiture in case of a failure to start boxing during the month of January, 1907, and was not, therefore, a condition subsequent. The lessors acknowledged payment of the consideration and conveyed the premises for a period of three years, beginning when the first boxing was done, and the requirement that it should be started in January merely meant that the term would expire three years from the last day of January, 1907, whether boxing was started or not. If the lesse failed to start work on the trees, he was merely depriving himself of the use of same; but said failure did not abrogate the lease.

The chancellor did not err in overruling the demurrer for nonjoinder of parties. Hunt and Slaughter were neither necessary nor proper parties.—*Bolling v. Pace,* 90 Ala. 607, 12 South. 796; Caroline Bailey, having joined in the conveyance sought

[Weeks v. Bynum, et al.]

to be foreclosed with her husband, was a prop-
er party, and was a necessary party in order to
cut off her equity of redemption in her dower inter-
est; but she is not a necessary party to a foreclosure
suit in order to subject the property interest of the hus-
band.—*Craddock v. Am. Mort. Co.,* 88 Ala. 281, 7 South.
196; *Kimbrell v. Rogers,* 90 Ala. 339, 7 South. 241.

The amended decree merely cured a clerical mispris-
ion and made the decree more favorable to the appellant.

The decree of the chancery court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., con-
cur.