FLORIDA ASSOCIATION, A CORPORATION, *Appellant,* v. J. W. STEVENS, *Appellee.*

1. While an allegation in a bill in chancery for the removal of a cloud from the title to ascertain described lands that the complainant "now owns and holds" such lands, which are also alleged to be "wild and unoccupied, and not in the actual pos-

session of any person," may not be as precise as is desirable, it is sufficient to withstand an attack by demurrer, being an ultimate fact which the demurrer admits to be true.

2. In a written instrument by which all the timber upon certain described lands is "granted, bargained, leased and conveyed" to the grantee named therein, his heirs and assigns, "for the purpose of boxing, working and otherwise using said timber for turpentine purposes," the right to all the timber upon such lands for turpentine purposes became vested in the grantee immediately upon the execution of such instrument, and where it is further provided in such instrument that the grantee "may commence boxing, working and otherwise using said timber for turpentine purposes, or any portion thereof, at any time that" the grantee "may desire within twelve months from date," and that the grantee "shall have the right to box, work and otherwise use said timber and every portion thereof for the full term of three years, being with reference to each portion of the timber from the time only that the boxing and working of such portion is commenced," the contention that the lease expired "as to every portion of the timber four years from the date it was made" is untenable.

3. With the wisdom or folly of contracts which they may be called upon to construe the courts have no concern.

This case was decided by Division A.

Appealed from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Singletary & Reaves,* for Appellant;

*P. O. Knight,* for Appellee.

SHACKLEFORD, J.—The appellant filed its bill in chancery against appellee, alleging therein that it "is a corpo-

ration, organized for the purpose, and engaged in the business of buying and improving lands in Florida, and selling same to actual settlers, and for said purpose it has recently acquired, and now owns and holds" certain lands, a particular description of which is set out, containing 4965 acres, which lands the complainant "is desirous of immediately improving, and placing upon the market in small tracts for sale to actual settlers." Other material allegations in the bill and the prayers thereof are as follows:

"2nd. The defendant claims an adverse estate or interest in and to said lands, by virtue of a turpentine lease, made by the Florida Mortgage and Investment Company, Limited, to Fred W. Haward, dated the 4th day of November, 1899, that portion of which said lease covering the above described lands, has been assigned and held by various parties, and is now held and claimed by the defendant and assignee thereof. A copy of said original lease, through which the defendant claims as assignee of portion thereof, is hereto attached, and made a part of this, your orator's bill of complaint.

3rd. That while the timber on a portion of said lands was under said lease, boxed and worked for turpentine purposes, and abandoned about 7 years ago, the said property is now wild and unoccupied, and not in the actual possession of any person.

4th. That although said lease, if ever valid and good for any purpose, has long since expired, and such rights as the defendant, or his assignors may have had or possessed thereunder have long since terminated by the terms and provisions of said lease. The same constitutes such cloud upon the title to said lands as to be a serious menace to your orator in disposing of the same, and the mar-

ket value of said property is lessened on account of the existence of said lease.

5th. Your orator, being without remedy, except in a court of equity, prays that the said lease be held and declared by this court to be null and void, that it may be adjudicated and determined by this court that the defendant has no right, or interest under the same, and that the said lease be removed as a cloud upon the title to your orator's said property, and that the respective titles, interests and claims of your orator, and the said defendant in and to the said property be adjudicated and determined by a decree of this court and the full and complete and unincumbered title of your orator be determined and adjudicated. May it please your honor to grant unto your orator such other general and further relief in the premises as equity may require and to your honor shall seem meet."

To this bill the defendant interposed a demurrer, which, omitting the formal parts, is as follows:

"This defendant, by protestation, not confessing, or acknowleding all or any of the matters and things in the said bill of complaint contained to be true, in said manner and form as the same are therein and thereby set forth and alleged, demurs to said bill and for cause of demurrer shows:

1st. That there is no equity in said bill.

2nd. That the complainant has failed in and by said bill of complaint to make or state any cause of action whatsoever against the defendant.

3rd. Because the complainant fails to show in and by said bill of complaint whether it holds legal or equitable title in and to the property set forth and described in said bill of complaint.

4th. Because the said bill wholly fails to show that

the complainant has any standing in equity or right to any relief whatsoever against the defendant.

5th.    Because the complainant has an adequate remedy at law.

6th.    Because the bill shows upon its face, with a copy of the lease attached thereto, that whatever rights, if any, the complainant has in and to the property set forth and described in the bill of complaint, are subject and subordinate to the rights and claims of this defendant.

7th.    Because the lease, in question, attached to the bill of complaint, and the allegations in said bill of complaint with respect to said lease, show that the interest that the defendant has in and to the property in question does not constitute a cloud upon the title of the complainant.

8th.    Because, if, as stated in the bill of complaint the lease, a copy of which is attached to the bill of complaint, shows upon its face that all rights of the defendant in and to the property in question have expired, no action can be maintained by the complainant, because the lease in question would not be a cloud upon the title of the complainant.

9th.    Because if the lease in question is void, as claimed by complainant, then it constitutes no cloud upon the title of the complainant.

10.    And for other reasons apparent upon the face of the bill of complaint."

The court below made an order sustaining the demurrer, with leave to the complainant to amend its bill, from which interlocutory order the complainant has entered its appeal to this court.

In West Coast Lumber Co. v. Griffin, 54 Fla., 621, 45 South. Rep., 514, we held that "In suits for the removal of clouds from title, as a general rule, an allegation in the

bill that complainant is the owner in fee of the lands in question and in the actual possession thereof, or that the lands are wild, unimproved, or unoccupied, if such be the case, is sufficient, without setting out in detail the facts showing such ownership, as ownership is the ultimate fact, and the others are mere evidentiary facts. If, however, in addition to an allegation of ownership in fee, the facts which constitute the title, of whatsoever nature they may be, are also set out, and such facts show title not to be in the complainant, a demurrer to the whole bill will lie." Also see the authorities there cited and Sinclair v. Hornsby, decided here at the present term. The allegation in the present bill differs from the allegation in the bill in the cited case, which we held to be sufficient. In that case the allegation was that the complainant was the "owner in fee and in the possession" of the lands in question, while the allegation in the instant case is that the complainant "now owns and holds" the lands, which are also alleged to be "wild and unoccupied, and not in the actual possession of any person." This allegation may not be as precise as is desirable, but we are of the opinion that it is sufficient to withstand an attack by demurrer, being an ultimate fact which the demurrer admits to be true. See 17 Ency. of Pl. & Pr., 328, and authorities there cited.

The principal point presented for determination and which will prove decisive of the case is the proper construction of the "turpentine lease," a copy of which is attached as an exhibit to and made a part of the bill. We find that by such instrument all the timber upon the lands in question is "granted, bargained, leased and conveyed" to the grantee named therein, his heirs and assigns, "for the purpose of boxing, working and otherwise using said timber for turpentine purposes." The following provi-

sions are also contained therein:

"To have and to hold, box, work, and otherwise use said timber for turpentine purposes, unto said party of the second part, his heirs and assigns. And it is hereby expressly covenanted and agreed that the said party of the second part may commence boxing, working and otherwise using said timber for turpentine purposes, or any portion thereof, at any time, that the said party of the second part may desire within twelve months from date hereof, and shall have the right to box, work and otherwise use said timber and every portion thereof for the full term of three years, beginning with reference to each portion of the timber from the time only that the boxing and working of such portion is commenced, it being the intention of the parties that this lease shall continue in operation until all the timber and each and every portion thereof has been boxed, worked and otherwise used for turpentine purposes for the full period of three years.

And it is hereby further covenanted and agreed that the said party of the second part, his heirs and assigns, shall have the free and unrestricted right to enter upon, occupy and use the said land and each and every portion thereof for the purpose of boxing, working and otherwise using the timber thereon for turpentine purposes as aforesaid during the continuance of this lease. And it is further covenanted and agreed that the said party of the second part shall have the right to assign this lease in whole or in part at any time, and that any assignee of this lease shall have the same right of assignment, and that all the rights and privileges of said party of the second part shall inure to and vest in whomsoever shall succeed to the interest hereby conveyed to said party of the second part."

It seems to us that this case must be ruled by the prin-

ciples enunciated in Cawthon v. Stearns & Culver Lumber Co., 60 Fla. 313, 53 South. Rep., 738. Under the provisions of the lease, the right to all the timber upon the described lands for turpentine purposes became vested in the grantee immediately upon the execution of the lease, and he was given the privilege to "commence boxing, working and otherwise using said timber for turpentine purposes, or any portion thereof, at any time," that he might "desire within twelve months from date" of such lease, and it was expressly stipulated that he should "have the right to box, work and otherwise use said timber and every portion thereof for the full term of three years, beginning with reference to each portion of the timber from the time only that the boxing and working of such portion is commenced." This language seems to be perfectly clear and unambiguous, but, as if to express the intention of the parties beyond controversy, the following clause was added, "it being the intention of the parties that this lease shall continue in operation until all the timber and each and every portion thereof has been boxed, worked and otherwise used for turpentine purposes for the full period of three years. The contention of the appellant that the lease expired "as to every portion of the timber four years from the date it was made," is untenable. We have examined Davis v. Taylor, Lowenstein & Co., 158 Ala., 227, 47 South. Rep., 653, and Surles v. Miliken, 97 Ga., 485, 25 S. E. Rep., 322, cited and relied upon by the appellant, but fail to see wherein they support its contention. We are clear that, upon the showing made in the bill, read in connection with the lease attached thereto, the demurrer was properly sustained. The mere lapse of the time named, no other equities being shown or coupled therewith, could not work a termination of the lease. With the wisdom or folly of contracts the

courts have no .concern.   See Mizell Live Stock Co. v. Mc-Caskill Co., 59 Fla., 322, 51 South. Rep., 547, and cases there cited.   The interlocutory order is affirmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.