### CLAYTON et al. v. ALLEN et al.
### (7 Div. 315.)

(Supreme Court of Alabama. June 22, 1922.)

1. Mortgages ⬦445—Bill for foreclosure good as against demurrer for lack of equity.

Where a bill sought foreclosure and injunction against mortgagors for permitting waste, a demurrer to the bill as a whole, for lack of equity, was not well taken.

2. Equity ⬦232—Where bill to foreclose is good in part, overruling demurrer to entire bill not error.

In a bill to foreclose a mortgage, where one paragraph referred to crops maturing on the mortgaged land and sought injunction against their disposition, notwithstanding that the mortgage did not embrace crops, this did not affect the bill as a whole and there was no error in overruling a demurrer to the entire bill.

3. Injunction ⬦34—Function of injunction not to take property out of possession of one and put it in another.

The function of an injunction is not to take property out of the possession of one party and put it in another.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill by B. J. Allen, Jr., individually and as executor, and others against O. W. Clayton and others. From a decree overruling motion to dissolve injunction and demurrers to the bill, defendants appeal. Affirmed.

Appellee filed this bill against appellant, seeking a foreclosure on a certain mortgage therein described and an injunction against respondent from cutting and removing the timber on the land, upon the ground it will lessen the security and tend to render the same insufficient, and also to enjoin the respondent from selling or removing the crops then growing on the land.

The mortgage was executed to secure the purchase price of real estate therein described, bought by O. W. Clayton and George Black from the complainants, as alleged in the bill. George Black having died, his widow and heirs at law are made parties respondent; some of his children being under 21 years of age, a guardian ad litem was appointed. An injunction was issued as prayed for in the bill both as to the timber and the crops—the bill alleging security being lessened and rendering collection of the debt doubtful as same cannot be realized from respondents, and the debt can only be collected under the security. The mortgage conveyed real estate only, and did not include crops. The amount of the indebtedness was payable in installments, the first note falling due January 10, 1921, in the sum of $6,923.07, and the mortgage providing that, upon default in the payment of any of the installments, the mortgagee may declare, at his election, the entire balance payable. The chancellor subsequently entered an order requiring an increased bond for injunction, and made some modification as to the writ concerning the timber and crops.

The respondents filed demurrer to the bill for want of equity, and also for want of equity in section 4 of the bill, and upon the ground that the bill fails to show there is not an adequate remedy at law. The respondents also moved to dissolve the temporary injunction upon the following grounds: (1) There is no equity in the bill upon which said injunction was granted; (2) section No. 4 of said bill is wanting in equity; and (3) there is no equity in No. 4 of said bill upon which to base injunctive relief. Subsequently an answer was filed admitting the execution of the mortgage, but setting up the affirmative defense that the complainants had agreed for a valuable consideration to extend for one year the payment of the first note, and had further agreed to the cutting of the timber and the planting and harvesting of the crops. The court overruled the demurrer and the motion to dissolve the injunction, and from these rulings the respondents have prosecuted this appeal.

Defendants' motion to dissolve the injunction was upon the following grounds:

"(1) Because the writ of injunction was irregularly issued.

"(2) Because there was no bond given as required by law in such cases made and provided.

"(3) Because section 4517, Code 1907, requires that bond be given and payable to the party against whom the application is granted, and approved by the register, condition to pay all damages and cost, which any person may sustain by the suing out of said injunction.

"(4) Because no bond was given as required in the order of the court made for the issuance of said injunction.

"(5) Because the bond given by the complainant was made payable to the register of

—————

this court and not as required by law, and the order of the court.

"(6) Because the law provides for the bond payable to the defendants, whereas the bond in this case was made payable to the register of the Court, and is therefore void."

Isbell & Scott, J. V. Curtis, and C. A. Wolfes, all of Ft. Payne, for appellants.

The sworn answer fully denied all the averments of the bill upon which could be predicated any right to injunctive relief relating to disposition of timber already severed and growing crops, and the injunction as to these matters should have been dissolved. 158 Ala. 231, 48 South. 489. Until foreclosure, entry for that purpose, or appointment of a receiver, growing crops belong to the mortgagor, with full power unless the crops are expressly brought within the scope of the mortgage. 27 Cyc. 1247; 9 Ala. App. 585, 63 South. 779. An injunction will not ordinarily lie to restrain removal of timber already cut; ceasing to be a part of the realty, and being converted into personal property, trover will lie for it. 1 Jones on Mortg. (4th Ed.) 591.

H. T. Bailey, of Valley Head, and Hood & Murphree, of Gadsden, for appellees.

The motion to dissolve injunction was properly overruled. 180 Ala. 338, 60 South. 919; 89 Ala. 493, 7 South. 810; 167 Ala. 510, 52 South. 735; 199 Ala. 101, 74 South. 239; 206 Ala. 226, 89 South. 600.

GARDNER, J. [1] The bill in this case was filed by appellees against appellants, seeking a foreclosure of a mortgage upon certain real estate therein described. The demurrer was interposed to the bill as a whole, and it is insisted that the bill is without equity. This position is not well taken. Certainly the bill had equity for the foreclosure of the mortgage, and it was proper likewise to seek an injunction against the mortgagors for permitting waste, which would impair the security and render it insufficient. Coker v. Whitlock, 54 Ala. 180; 4 Mayfield Dig. 233.

[2] In the fourth paragraph of the bill, reference is made to the crops maturing upon the land embraced within the mortgage, and injunction sought against the disposition thereof. The argument is advanced that, as the mortgage did not embrace the crops, the bill was without equity in so far as it sought injunctive relief against their disposition. There was no demurrer addressed to this feature of the bill, but, as previously stated, the demurrer went to the entire bill, and the question thus argued is therefore not presented here for review. If objectionable, this feature did not affect the equity of the bill as a whole, and, as said by this court in Houston v. Williamson, 81 Ala. 482, 1 South. 193: "The demurrer going to

the entire bill, and being good as to a part only, was properly overruled."

See, also, Sims' Chancery Prac. §§ 429–431.

[3] It may be, as to this feature, if the mortgagee felt himself in danger of losing his mortgage debt, and therefore a necessity existed, for the preservation of the crops, that a more appropriate remedy would have been the appointment of a receiver, as it is generally recognized that the function of an injunction is not to take the property out of the possession of one party and put it in another. Fair v. Cummings, 197 Ala. 131, 72 South. 389. The trial court, however, in the instant case modified the injunction as to the crops to permit their control and disposition by respondents, and, as the matter is now presented to this court, there is no necessity for decision upon that question. There was no error in overruling the demurrer to the bill.

The motion to dissolve the injunction was rested solely upon the grounds set forth in the demurrer to the bill, and which we have just discussed. Brief for appellant indicates that counsel were of the opinion that the motion was also rested upon the sworn answer of respondents. The grounds for the motion are set out in the report of the case, which will disclose that counsel are in error in that regard, and answer was in fact filed subsequent thereto. For the reasons assigned in consideration of the demurrer, it follows that the motion to dissolve was likewise properly overruled.

Finding no error, the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.