142 So. 76

**SCOTT et al. v. JACKSON SECURITIES & INVESTMENT CO.**

6 Div. 76.

Supreme Court of Alabama.
May 26, 1932.

Richard D. Gilliam, Jr., of Birmingham, for appellants.

W. Emmett Perry, of Birmingham, for appellee.

KNIGHT, J.

The complainant, appellee, filed the bill in this cause to foreclose a mortgage executed to it by Romaine S. Scott and wife, and Paul H. Scott and wife, on the 29th day of August, 1928, to secure the payment of a promissory note of that date, and payable on or before three years after date. The mortgage is made an exhibit to the bill, and recites that the said Romaine S. and Paul H. Scott are justly indebted to the said Jackson Securities & Investment Company in the sum of $2,000 and interest; and the wives of the two mortgagors join in the mortgage. It is thus made to appear that the debt secured by the mortgage is the debt of the two husbands, and not that of the wives.

The bill alleges that since the execution and delivery of the mortgage, the respondent Sam Campisi purchased the mortgaged property, and as "a part of the terms of the deed conveying to him (the said purchaser) the said real estate assumed and agreed to pay complainant's mortgage which is set out in exhibit A, and the said Sam Campisi has failed, neglected and refused to pay said note and the interest thereon." The bill alleges

that default has been made in the payment of the indebtedness secured by said mortgage.

The bill prays that an account may be taken by and under the direction of the court of what is due and owing to the complainant on said mortgage, and that the said respondents and each of them may be decreed to pay to the complainant what may be found due to it including attorneys' fee and cost of court; or, in default thereof, the real estate conveyed by said mortgage be sold, as provided in said mortgage, for the satisfaction of the decree and cost of suit. The general prayer is as follows: "Plaintiff further prays that execution may be issued against each of said respondents for the satisfaction of the remainder, if any, due upon said decree and cost, which remains unsatisfied after the application of the proceeds of said sale thereon."

To the bill, the respondents, Romaine S. Scott and wife and Paul H. Scott and wife, filed joint demurrer. This demurrer is directed to the bill as a whole, and not to any separate aspect of the same. This demurrer challenges the sufficiency of the bill in the following particulars: (a) There is a misjoinder of parties respondent; (b) the complainant seeks relief against the respondents Mildred Scott and Monteray Scott, to which it is not entitled; (c) the complainant does not set out the name of the present holder of the title to the real estate described therein; and (d) there is no equity in the bill.

■ It is a well-settled rule of equity, which obtains everywhere, that the complainant, in stating a case entitling him to a decree of foreclosure, must state facts in his bill, showing with clearness and certainty that he has such a right under the mortgage, sought to be foreclosed, as will justify a court of equity in decreeing the relief prayed. Overton v. Moseley, 135 Ala. 599, 33 So. 696; Eutaw Ice, Water & Power Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609; Cockrell v. Gurley, 26 Ala. 405; Ezzell v. Richardson et al., 221 Ala. 346, 128 So. 783.

■ The bill clearly states facts showing the complainant was at the time of filing the bill the legal and equitable owner of the debt secured by the mortgage, and the legal and equitable owner of the mortgage. There is nothing in the case of Ezzell v. Richardson, supra, cited by appellants, which militates in the least against this holding.

In the case of Randle, Adm'r, v. Boyd, 73 Ala. 282, this court, speaking through Justice Somerville, with reference to proper parties to a bill to foreclose a mortgage, said: "The only proper parties are the mortgagor and mortgagee, and those who have acquired any interests from them *subsequent* to the mortgage."

■ The wives of the two mortgagors joined in the execution of the mortgage, and, although the legal title to the lands was in the husbands, the wives were proper, if not necessary, parties. Flowers v. Barker, 79 Ala. 445; Craddock v. American Freehold Land Mortgage Co. of London, 88 Ala. 281, 7 So. 196; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Davis et al. v. Taylor-Lowenstein & Co., 158 Ala. 227, 47 So. 653.

In 3 Jones on Mortgages (8th Ed.) § 1852, it is broadly stated: "An allegation of the execution and delivery of the mortgage is a sufficient allegation of its proper execution and of its validity. An allegation of the execution of the mortgage is also sufficient without any averment of title in the mortgagor. He is estopped by his deed from denying his title, and whatever his title may be, the mortgage may be foreclosed against him."

■ The said Sam Campisi, under the averments of the bill, was a necessary party defendant, and was therefore properly brought before the court, so that the decree, if any, in favor of the complainant would cut off his equity of redemption. Randle, Adm'r, v. Boyd, supra.

It is next insisted for error that the bill seeks a personal decree, as for a debt, against the wives of the respondents Romaine S. and Paul H. Scott. A casual reading of the bill would seem to justify the appellants in this statement. It will be noticed, however, that the demurrers interposed by the mortgagors and their wives were not only joint, but were directed to the bill as a whole, and no doubt this situation superinduced the action of the court in overruling the demurrer.

■ A joint demurrer addressed to any pleading must be good as to each of the demurrants, or it will be bad as to each. Taylor v. Mathews, 53 Fla. 776, 44 So. 146; Wilcox v. Moudy, 82 Ind. 219; Phillips v. Jacobs, 145 Mich. 108, 108 N. W. 899; Brown v. Tallman (N. J. Ch.) 54 A. 457; Willard v. Reas, 26 Wis. 540.

■■ Therefore, it follows that the court was not in error in overruling this joint demurrer, for confessedly it was bad as to the husbands. Then, too, the action of the court in overruling the demurrer was justified upon another ground. The demurrer was addressed to the bill as a whole, while confessedly it should have been addressed to that phase only of the bill which prayed for a personal decree against the wives. As to this feature of the decree also the husbands were not concerned. Being addressed to the bill as a whole and not to the particular phase of the bill seeking a decree and execution against the said Mildred Scott and Monteray Scott, the demurrer was properly overruled. Houston, Adm'r, v. Williamson, 81 Ala. 482, 1 So. 193; Clayton v. Allen, 207 Ala. 667, 93 So. 543; American-Traders' National Bank et al. v. Henderson, 222 Ala. 426, 133 So. 36; Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A. L. R.

1413; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

Confessedly the bill as one to foreclose the mortgage contained all necessary averments, and contained equity.

There was no merit in the demurrers filed by the respondent Campisi. The bill avers in the clearest terms that this respondent had purchased the property of the mortgagors, and in the deed executed to him by them, he agreed to pay the mortgage debt held by the complainant. Whatever title the said Campisi acquired in the property, he acquired from the mortgagors, and his title was subordinate to the mortgage. He was therefore a necessary party to the bill, and, by his agreement, became personally liable to the mortgagee for the mortgage debt.

There is no error in the decree rendered, from which this appeal is prosecuted, and it will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.