IDA DUVALL, joined by her husband, CHARLES A. DUVALL, and CHARLES A. DUVALL in his own right, *Appellants,* vs. LEONARD WALTON, G. P. STANFORD, and THE FIRST NATIONAL BANK OF ARCADIA, Florida, *Appellees.*

144 So. 318.

Opinion filed October 18, 1932.

*Jones & Smiley*, Attorneys for Appellants.

*Treadwell & Treadwell*, Attorneys for Appellee G. P. Stanford, and *R. E. Brown*, Attorney for Appellee Leonard Walton.

DAVIS, Commissioner.—This is a case where the complainant, Ida Duvall, joined by her husband, one of the appellants, took title to certain real estate in DeSoto County, Florida, and she and her husband executed certain notes to G. P. Stanford, the vendor, for a part of the purchase price, and secured the same by a mortgage on the land. Complainants thereupon entered into a contract with one Leonard Walton and one J. Frank Taylor, giving to them the exclusive right to handle said property and subdivide it into lots or parcels and sell the same, each of the three after deducting expenses and paying to Mrs. Duvall the amount of the purchase price of the land, to receive one-third of the balance of the total amount of the sales. All of this happened in 1925 while the land boom was on in Florida. In the spring of 1927, complainants filed their bill for a rescission and cancellation of the mortgage and a cancellation of the note upon the ground of fraud. The Court, upon final hearing, found, among other things, that Stanford was not guilty of any fraudulent conduct and dismissed the bill of complaint.

It was sought to be shown by the complainants by alle-

gations and proof, that the money advanced by Mrs. Duvall, an old lady 65 years of age, was a loan; that it was represented to her by Walton that the least the property could be bought for was $60,000.00, of which amount one-fourth was to be paid in cash; that the purchase price was only $50,000.00; that Walton was the real purchaser of the land, but by reason of confidence reposed in him by Mrs. Duvall, a long time friend, he sought to avoid personal liability by falsely pretending to Mrs. Duvall that the title to the land was being made to her as security for the money she had loaned him, and persuaded her to take title directly from the vendor and to give to the vendor the said notes and mortgages; and that Stanford was a party to the alleged fraud. After the testimony had been taken and before the final hearing, complainants made a motion for leave to amend their bill of complaint by showing that Walton bore a fiduciary or confidential relationship to Mrs. Duvall; that Walton represented to her that $60,000.00 was the least the property could be bought for, and that the property was not worth $50,000.00 at the time of the transaction; that she had discovered that Walton was the agent of Stanford who paid him $10,000.00 for closing the transaction, and that the relationship of principal and agent existed between them at the time of the transaction, and also when the representation as to the purchase price was made, and complainants were not aware of such relationship until after she had discovered the alleged fraud. This motion was denied by the Court.

The case is presented here by appellants upon the theory that Walton, in making the sale to Mrs. Duvall, was acting as the agent of Stanford; that he made certain fraudulent representations; that a fiduciary or confidential relationship existed between Walton and Mrs. Duvall, and that Stanford having accepted the benefits of the transaction, was bound by any fraudulent representations that may

have been made by Walton to Mrs. Duvall that induced her to buy the property, although the principal was unaware of the fraud, and also that the property was purchased for resale by Mrs. Duvall, Walton and Taylor as joint adventurers, and that Walton could not represent both vendor and purchasers.

If Walton acts as the agent of Stanford, the owner, and represented to Mrs. Duvall that the property could not be purchased for less than $60,000.00, while as a matter of fact, it could have been and was purchased for $50,000.00, such representation could not have placed Stanford in a less favored position than he would have been had he made the statement himself. In a real estate transaction a vendor has the right to sell at the best price he can obtain for his property and a representation by him that he will not sell for less than a stated sum, knowing that he would take less rather than miss the sale, is not a representation of a material fact that will justify the rescission and cancellation of a contract. If Stanford was willing to give Walton all that the property would bring in excess of the amount that he was willing to sell it for that was a question which concerned only Stanford and Walton, (See Huttig vs. Nessy, 100 Fla. 1097, 130 So. 605) and is not sufficient as a basis for a rescission and cancellation of the contract. If, on the other hand, Mrs. Duvall, Walton and Taylor were joint adventurers, and they intended, for convenience, that the title be taken in the name of Mrs. Duvall, and that she give notes signed by herself and husband and secure them by a valid mortgage on the land for a part of the purchase money, we would feel that the duty devolves upon us to determine the legal effect of the fraud, if any, perpetrated by Walton, or Walton and Taylor, in making a secret profit on the transaction. But we have no such case before us. There is no showing whatever that Walton and Taylor, or either of them, ever agreed with Mrs. Duvall, or that

they intended to enter into a combination with her to purchase the said property for the purpose of making a profit out of it or for any other purpose. See Proctor v. Gearne, 100 Fla. 1180, 131 So. 173. The agreement that the three of them would develop the property by subdividing it into lots and place it on the market, and then, after paying the expenses and paying to Mrs. Duval the purchase price, they would share equally the profits, did not make of them joint adventurers or partners in the purchase of the land and in the obligations given for it. Moreover, Mrs. Duvall, as a witness in her own behalf, insisted that she had made a loan to Walton of the $15,000.00 that was paid on the purchase price, and, in effect, that she was induced to take the title in her name and deliver the notes and mortgage executed by herself and husband, so that she might have security for the $15,000.00 paid or to be advanced by her. She did not testify that she intended to take the title as trustee for herself, Walton and Taylor, and hold it for their joint benefit, nor did anyone else testify to that effect. The evidence does not warrant us in drawing the conclusion that Mrs. Duvall, Walton and Taylor were joint adventurers in the purchase of the property. If they were not joint adventurers in the purchase of the land, Walton could not have been the agent of Mrs. Duvall, nor could he have sustained a fiduciary or confidential relationship to her, by virtue of any such joint enterprise.

We have held that with the wisdom or folly of contracts the Courts have no concern. Mizell Live Stock Co. vs. Mc-Caskill Co., 59 Fla. 322, 51 So. 547; Florida Ass'n. vs. Stevens, 61 Fla. 598, 55 So. 981; Mitchell vs. Mason, 65 Fla. 208, 61 So. 579.

We adhere to the statement made in Peacock Hotel vs. Shipman, 103 Fla. 633, 138 So. 44, as follows: ''Where it is perfectly plain to the Court that one party has overreached the other and has gained an unjust and undeserved advant-

age which it would be inequitable to permit him to enforce, that a Court of Equity will not hesitate to interfere, even though the victimized parties owe their predicament largely to their own stupidity and carelessness." Here it is not shown that Stanford overreached the appellants or gained an unjust or undeserved advantage which would be inequitable or unjust to enforce.

Entertaining the views that we do, error, if any, committed by the lower Court in denying complainant's motion to amend the bill of complaint was harmless.

Finding no error in the final decree, it is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, Extra Session, adopted by the Court as its opinion, it is considered and ordered by the court that the decree of the lower Court be and the same is hereby affirmed.

BUFORD, C.J. AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.